JOSEPH A. BENNETT *vs.* FRANCES E. BROWN & others.

Bristol.    October 26, 1915. — November 24, 1915.

Present: RUGG, C. J., LORING, CROSBY, & CARROLL, JJ.

*Will,* Revocation. *Husband and Wife.*

The death of a wife during the lifetime of her husband is not a subsequent change "in the condition or circumstances of the testator" within the meaning of R. L. c. 135, § 8, "from which a revocation is implied by law" of a will in which the testator left the sum of $5 to each of his three children and the residue of his estate to his wife.

CARROLL, J.    William A. Bennett died December 7, 1911. By his will dated October 29, 1902, he bequeathed to each one of his three children the sum of $5.* The remainder of his estate he devised and bequeathed to his wife Melinda J. Bennett, who died May 14, 1911. The will was duly admitted to probate on January 5, 1912. This petition seeks to vacate the decree of the

---

* The whole estate after the payment of debts was about $17,000. The testator during his lifetime had advanced $2,500 to Melinda L. Brown, who was one of his three children. If the will was vacated this amount would be deducted from the share of that child and the shares of the other children would be increased.

Probate Court allowing the will, because the will "had been revoked by implication of law resulting from changes in the condition and circumstances of the said William A. Bennett which occurred subsequently to the execution of said instrument."

The fact that Mrs. Bennett died before her husband is relied on to show a change of circumstances sufficient to revoke the will. R. L. c. 135, § 8, provides that a will can be revoked "by subsequent changes in the condition or circumstances of the testator from which a revocation is implied by law." *Warner* v. *Beach,* 4 Gray, 162, is directly in point. It decides that the death of the wife during the lifetime of the testator is not such a change in condition or circumstances as to revoke a will by implication of law.

> *Decree,\* affirming the decree of the Probate*
> *Court dismissing the petition, affirmed.*

*H. E. Fales,* for the petitioner.

*H. E. Tiepke,* (*A. Fuller* with him,) for the respondents.