GEORGE F. RAPPEL *vs.* ITALIAN CATHOLIC CEMETERY ASSOCIATION.

Suffolk.    March 10, 1927. — May 20, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Res Judicata. Equity Pleading and Practice,* Appeal: what constitutes record.

If, upon the hearing of a demurrer to a bill in equity in the Supreme Judicial Court based on the ground that the bill did not set forth any ground for equitable relief and that it did not set forth any ground for equitable relief to the plaintiff, the demurrer is sustained without specification of the ground upon which it is sustained, and a final decree is entered dismissing the bill, from which no appeal is taken, such decree is *res judicata* as to a suit in equity later brought in the Superior Court between the same parties based on substantially the same allegations and seeking the same relief, although the sustaining of the demurrer in the earlier suit was error.

An oral statement by a judge of his reasons for sustaining a demurrer to a bill in equity and for ordering a decree dismissing the bill is not a finding of fact and is not an opinion which, upon an appeal from the decree, may be considered in ascertaining precisely what was concluded by the judgment.

BILL IN EQUITY, filed in the Superior Court on June 25, 1925, and described in the opinion.

The plea in bar, described in the opinion, was heard by *Lourie,* J., a stenographer having been appointed under G. L.

c. 214, § 24, Equity Rule 35 (1905), to take the evidence. The evidence consisted of testimony by the attorney at law who was counsel for the plaintiff in a former suit, described in the opinion, relating what happened at the hearing of the demurrer in that suit by *Jenney,* J., and his statements from the bench. The grounds stated for the demurrer in the previous suit were "(1) Said substitute bill of complaint does not set forth any ground for equitable relief. (2) Said substitute bill of complaint does not set forth any ground for equitable relief to these particular plaintiffs." The interlocutory decree sustaining the demurrer did not state upon what ground it was sustained.

In the Superior Court the plea was sustained and a final decree was entered dismissing the bill. The plaintiff appealed.

*C. H. Cronin,* for the plaintiff.

*J. F. Gadsby,* for the defendant.

PIERCE, J.   This is a bill in equity to enjoin the defendant from maintaining a fence across a private street or way, owned in part by the plaintiff and defendant, where it enters Walk Hill Street (a public street), thereby preventing the use of the way as a means of access to and from the rear of the plaintiff's premises which adjoin the way and Walk Hill Street. The bill further seeks to enjoin the further removal of soil from the private street or way, and for a mandatory injunction ordering the defendant to restore the surface of the street or way to the condition it was in before the defendant removed the soil therefrom. The defendant filed a plea in substance declaring that the alleged right of the plaintiff to equitable relief upon the same subject, in the same manner, and to the same effect, was adjudicated against the plaintiff in a suit against the defendant, in the Supreme Judicial Court for the county of Suffolk, in a final decree dismissing the bill, from which no appeal was taken. After a hearing, upon evidence which is reported to this court, a judge of the Superior Court sustained the plea in bar and entered a final decree dismissing the bill of complaint with costs. The case is before this court on appeal from the final decree.

The bill of complaint which was dismissed in 1921, in a final decree after an interlocutory decree sustaining a demurrer thereto, was brought by the plaintiff in the present suit, with others, against the present defendant. In substance it stated, as the present bill does, that the plaintiff and the defendant owned all the land with the exception of lots 1 and 2 shown on a plan of lots duly recorded in Suffolk Registry of Deeds, Book 1950, Page 228; that the plaintiff owned lot 5 which is bounded northeasterly by Walk Hill Street and southeasterly by a street shown on said plan; that the defendant had applied for and received a permit or license to use for cemetery or burial purposes a portion of the land owned by it, and shown on said plan, "viz; Lots 6 to 24 inclusive, together with streets as shown on said plan"; that the defendant is preparing said tract of land for cemetery or burial purposes under the authority of its license or permit; "that it is the purpose and intention of said defendant Corporation to close said streets as shown on said plan hereto annexed . . . and to use all of said land . . . for cemetery or burial purposes." More particularly the bill alleged that the permit or license "includes within the bounds therein described and shown by copy of plan . . . annexed . . . the portion of street . . . which abuts on Lot 5 . . . which was purchased as described in paragraph 1 of this bill of complaint by . . . [the] plaintiff"; and that the plaintiff "George F. Rappell has an established right of way and easement over said street or way and that said permit or license so granted is void as it applies to said portion of said way or street." The demurrer admits, "that it is the purpose and intention of said defendant Corporation to close said streets."

To close the street or way shown on the plan which afforded access to the rear of the premises of the plaintiff and to use said land for cemetery or burial purposes would be an interference with the rightful use of the street or way by the plaintiff and would cause irreparable injury to the plaintiff not fully compensable in damages in an action at law. Under the prayer for general relief an injunction rightly could have been granted on the admitted facts to restrain the threatened

wrongful interference with the easement which the plaintiff had in the street adjoining his lot 5. *Kean* v. *Asch*, 12 C. E. Green, 57. *Gorton* v. *Tiffany*, 14 R. I. 95. *Manbeck* v. *Jones*, 190 Penn. St. 171. *Hall* v. *Byron*, 4 Ch. D. 667. *Cadigan* v. *Brown*, 120 Mass. 493. *Ball* v. *Allen*, 216 Mass. 469. See as to trespass and continuing trespass *New York, New Haven & Hartford Railroad* v. *Scovill*, 71 Conn. 136, 148; *Negaunee Iron Co.* v. *Iron Cliffs Co.* 134 Mich. 264; *More* v. *Massini*, 32 Cal. 590; *Boston & Maine Railroad* v. *Sullivan*, 177 Mass. 230.

The questions of the right of the plaintiff and of the adversary right of the defendant, and the measure and quantum of their several rights, concerned the merits of the suit, were in issue, and were determined against the alleged right of the plaintiff. As there was no appeal, the decision sustaining the demurrer is conclusive in the present suit which in essence involves the same fundamental questions and is between the same parties. *Newhall* v. *Enterprise Mining Co.* 205 Mass. 585, 588. *Northern Pacific Railway* v. *Slaght*, 205 U. S. 122, 130.

The trial judge in the present suit made no findings of fact and was not asked to make any. An oral statement by a judge of his reasons for sustaining a demurrer and for ordering a decree dismissing a bill is not a finding of fact and is not an opinion which may be considered in ascertaining precisely what was concluded by the judgment upon the demurrer. *Hayes* v. *Penn Mutual Life Ins. Co.* 222 Mass. 382. *Baker* v. *Cummings*, 181 U. S. 117. *Yates* v. *Utica Bank*, 206 U. S. 181. It results that the decree dismissing the bill must be affirmed.

*Ordered accordingly.*