PAUL MEYEROVITZ *vs.* MEYER JACOBOVITZ & others.

Suffolk.    January 12, 1928. — March 2, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Probate Court*, Appeal, Findings by judge.    *Will*, Revocation.    *Devise and Legacy*, Residuary clause.

On an appeal from a decree in a probate court after a hearing at which no stenographer was appointed under G. L. c. 215, § 18, facts found by the judge and stated in a report made by him under § 11 cannot be reversed and must be accepted as true as matter of law.

It is the general rule, since the enactment of Rev. Sts. c. 62, § 3, now G. L. c. 191, § 19, that all property belonging to the testator at the time of his death, not otherwise disposed of by the will, passes under a true residuary clause, whether owned by him at the time the will was executed, or whether consisting of estates changed as to form of investment from real to personal or from personal to real after the execution of the will, or whether depleted by gifts or losses or increased by profits or acquisitions subsequent to the execution of the will.

Several weeks after the execution of a will giving pecuniary legacies in the sums of $1,900, and "All the rest and residue of my estate" to a nephew of the testator, who was named executor, the testator executed an agreement with the nephew whereby, in consideration of a certain amount of cash and the transfer of real estate, the nephew was to provide a home for the testator during his natural life and furnish all necessary food and provisions. The cash was paid. The real estate was not transferred. The testator stated as his reason for making the agreement that he was afraid his brothers and sisters would make trouble for the nephew relative to the will after he was dead and he wanted him to have his property while he was living; he intended that the agreement should serve as a revocation of the will. *Held*, that

(1) There was no ademption of the property passing under the residuary clause;

(2) There was no revocation of the will.

Petition, filed in the Probate Court for the county of Suffolk on March 7, 1927, for proof of the will of David Jacobovitz, late of Boston.

All the next of kin, being three brothers and two sisters of the alleged testator, appeared to oppose the petition.

The petition was heard by *Prest*, J., by whose order a decree was entered allowing the will. Proceedings in the Probate Court and facts found by the judge are described in the opinion. The respondents appealed.

*C. M. Goldman*, for the respondents.

*L. J. Halloran*, for the petitioner.

Rugg, C.J. This is an appeal from a decree allowing the will of one David Jacobovitz. It comes before us on a report of the material facts made by the judge of probate, but without a transcript of the evidence.

The reported facts amply support the ultimate findings that the will was executed according to law, that the testator was of sound mind at the time the will was executed, and that its execution was not procured by fraud or undue influence. The facts need not be recited. No new principle of law is involved in holding that the findings cannot be reversed and must be accepted as true as matter of law. G. L. c. 191, § 1. *Shailer* v. *Bumstead*, 99 Mass. 112, 121. *Hoffman* v. *Hoffman*, 192 Mass. 416. *Neill* v. *Brackett*, 234 Mass. 367, 370. *Allen* v. *Guarente*, 253 Mass. 152.

It is contended that the will had been revoked by a subsequent agreement between the testator and the main legatee. By the will, pecuniary legacies were given to the amount of $1,900, and the rest of the estate was given to the executor. With respect to this agreement, the reported facts are to the effect that, several weeks after the execution of the will, the attorney for the testator, in consequence of directions by the latter, brought to him "an instrument purporting to be an agreement for support for life, under the terms of which Paul Meyerovitz was to provide a home for the testator during his natural life and furnish all necessary food and provisions, and as consideration therefor the testator made or purported to make a transfer of about $7,000 in cash, and a certain parcel of real estate in West Roxbury. I understand

that the cash had been paid over but there was then no present transfer of real estate. The testator stated as his reason that he was afraid his brothers and sisters would make trouble for Paul Meyerovitz relative to the will after he was dead and he wanted him to have his property while he was living. The agreement was signed in duplicate by David Jacobovitz and Paul Meyerovitz and the acknowledgment of both as their free act and deed was taken by David Scott. The testator intended that this agreement should serve as a revocation of the will. But I find that there was no legal revocation of the will."

The only donative clause of the will aside from those giving definite pecuniary legacies is in these words: "All the rest and residue of my estate real, personal or mixed, wherever it may be found I devise and bequeath to my nephew, Paul Meyerovitz, absolutely." This is a true residuary clause. Its manifest design is to include all property of the testator not disposed of in some other way. The appellants rely upon these words in *Ballard* v. *Carter*, 5 Pick. 112, 116: "the devisor must be seised of the same estate at the time of his death, that he was seised of when he made his will, to make it a good devise. In other words, that any alteration in the estate after the making of the will, amounts to a revocation." Those words import that they were used concerning a devise of real estate, and relate to the general doctrine of ademption. Moreover, that case was decided before the enactment of Rev. Sts. c. 62, § 3, now G. L. c. 191, § 19, to the effect that an estate, right or interest in land acquired by a testator after the making of his will shall pass thereby in like manner as if possessed by him at the time he made his will, unless a different intention manifestly and clearly appears from the will. The language and scope of that opinion must be interpreted for present purposes in the light of the later and now governing statute. The same is true of *Hawes* v. *Humphrey*, 9 Pick. 350, 361. Both those decisions, however, appear to have related to land specifically devised and subsequently conveyed in whole or in part. There is nothing in either of those decisions, or in *Brown* v. *Thorndike*, 15 Pick. 388, 407, which militates against the decision of the trial judge. It is

the general rule, now, that all property belonging to the testator at the time of his death, not otherwise disposed of by the will, passes under a true residuary clause, whether owned by him at the time the will was executed, or whether consisting of estates changed as to form of investment from real to personal or from personal to real after the execution of the will, or whether depleted by gifts or losses or increased by profits or acquisitions subsequent to the execution of the will. That general rule governs the case at bar.

Plainly there was no ademption of the property passing under the residuary clause. That clause, both as to real and to personal estate, is general and not specific in its terms. *Moffatt* v. *Heon,* 242 Mass. 201.

It is provided by G. L. c. 191, § 8, that "No will shall be revoked except by burning, tearing, cancelling or obliterating it with the intention of revoking it . . . or by some other writing signed, attested and subscribed in the same manner as a will; or by subsequent changes in the condition or circumstances of the testator from which a revocation is implied by law." It is not and could not rightly be contended that there was a revocation of the will in the first way pointed out in this section. There was no revocation by written instrument because the agreement contained no reference to the will and was not signed and attested as required for a will. The facts here disclosed fall far short of showing revocation by implication. Revocation of that nature is limited to a very small number of cases at common law, as for example subsequent marriage and birth of children without provision in the will to cover such events. *Warner* v. *Beach,* 4 Gray, 162, 163. *Bennett* v. *Brown,* 222 Mass. 283. See now G. L. c. 191, § 9. There appears to have been a purpose on the part of the testator to revoke, but it was unexecuted and not manifested in any of the ways recognized by the law. The finding that there was no legal revocation was right.

*Decree affirmed.*