FREDERICK T. CONLEY & others *vs.* KATHERINE A. FENELON
& others.

Middlesex.    November 10, 1930. — January 7, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Probate Court*, Jurisdiction, Costs and expenses, Amendment after rescript.

After this court, upon an appeal from a decree of a probate court granting a petition for counsel fees by attorneys for the petitioners for proof of a will, had issued its rescript declaring that the Probate Court had no jurisdiction of such a petition, the Probate Court had jurisdiction and power to allow an amendment to such a petition substituting the executors for the attorneys as parties to the petition and praying that they be allowed a further amount for costs and expenses to be paid out of the estate.

A decree granting the prayer of such an amended petition was within the power conferred upon the court by G. L. c. 215, § 45.

PETITION, originally filed on July 2, 1928, in the Probate Court for the county of Middlesex by attorneys for the executors of the will of Patrick C. Fenelon for an allowance of counsel fees and expenses.

The original petition was heard by *Leggat*, J., by whose order a decree granting its prayer was entered.    Upon an appeal, this court, in a decision reported in 266 Mass. 340, declared that the Probate Court was without jurisdiction to entertain such a petition.

In the Probate Court, the petitioners then presented and the judge allowed the amendment described in the opinion, and, after hearing, granted its prayer.    The respondents appealed.

*K. A. Fenelon & J. J. Fenelon, pro se,* submitted a brief.
*F. T. Conley,* for the petitioners.

WAIT, J.    After the decision in *Conley* v. *Fenelon,* 266 Mass. 340, which held that a probate court had no jurisdiction to award counsel fees and charges for expense incurred in probate proceedings, upon the petition of one

not a party to the proceedings, and before the entry of a decree after rescript in the matter instituted by the petition of Conley and Donaghue, attorneys for the petitioner for probate of the will of Patrick C. Fenelon, the Probate Court allowed an amendment substituting a new petition by Conley and one Walker, who were the executors named in the will, praying to be allowed a further amount for costs and expenses to be paid out of the estate. Upon hearing on the amended petition a decree for an allowance was made. The respondents, heirs of Patrick C. Fenelon, appeal from the decree allowing the amendment, and from the final decree.

It is apparent that the objects sought by the original and the amended petitions were the same. The purpose of the amendment was to meet the defect in the party petitioners pointed out by our decision, through adding a new party, Walker, and by changing the allegation in regard to the standing of the original petitioner, Conley. The result was not a wholly new proceeding; but a modification in the old one making it a petition of which the court had jurisdiction. The court had power to allow the amendment. G. L. c. 231, § 51.

There can be no question of the power of the court, in its discretion, to award costs ånd expenses to be paid out of the estate as justice and equity may require. G. L. c. 215, § 45. The amount was for the judge to determine. No evidence was introduced by the respondents at the hearing and none is reported. We cannot say that he erred in the award. *Meyerovitz* v. *Jacobovitz,* 263 Mass. 47, 48.

There is nothing in the appellants' suggestion of *res judicata.* The question of allowance here dealt with has not been before the court in any other proceeding in the case. Obviously the decision in 266 Mass. 340 does not adjudicate the matter of the amended petition. That decision, in holding the court without jurisdiction, deprived a decree upon the original petition of all power to bind the parties upon the merits of the matter presented by it.

*Decrees affirmed.*