HELEN H. MOORE DAY *vs.* WALLACE E. CROWLEY & another, trustees, & others.

Middlesex.   November 9, 1960. — January 13, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Res Judicata. Probate Court,* Findings by judge, Decree. *Evidence,* Judicial notice, Presumptions and burden of proof.

Day *v.* Crowley.

What a judge of probate had in mind as the basis of his disposition of a proceeding, not disclosed therein, could not be supplied, in the determination of an issue of res judicata in a subsequent proceeding also heard by him, by a finding in the subsequent proceeding.   [669–670]

The evidence in a proceeding heard by a judge of probate could not be the basis of a finding in a subsequent proceeding also heard by him.   [670]

The basis for the disposition of a proceeding heard by a judge, undisclosed therein, cannot be judicially noticed by the same judge when hearing a subsequent proceeding.   [670]

Where, in a proceeding in equity by one of several beneficiaries of a trust seeking relief against the trustees, there was a plea based on nonjoinder of the other beneficiaries and also on the alleged ground that the petitioner "had no legal right to bring" the petition, and the plea was sustained and the petition dismissed without disclosure of the basis of such orders, a subsequent proceeding by the same petitioner against the trustees involving the same subject matter, in which the other beneficiaries were joined as parties, was not barred on the ground of res judicata.   [670]

A respondent in a proceeding who pleaded that it was barred on the ground of res judicata by reason of the disposition of a previous proceeding had the burden of showing the basis of such disposition.   [670]

PETITION filed in the Probate Court for the county of Middlesex on May 20, 1958.

The case was heard by *McMenimen, J.*

*John O. Rhome, (Kenneth A. Korb* with him,) for the petitioner.

*Joseph B. Abrams, (Robert T. Abrams & Wallace E. Crowley* with him,) for the respondent trustees.

WHITTEMORE, J.   The appeal of the petitioner (Day) is from decrees of the probate judge, sitting in equity, which allowed a plea in bar of the respondents Crowley and Martin (the respondents) and dismissed the petition.   The petition set out a deed of trust by Ada Langley Briggs to herself and the respondents as trustees for the benefit of Day and others as discretionary beneficiaries.   The other beneficiaries were made parties.   The petition sought (a) to set aside a writing (hereinafter called release and waiver) in which for consideration of the payment to Day of a legacy of $2,000 under the will of Briggs she agreed not to contest the doings of the respondents as executors under the will or as the surviving trustees under the deed

of trust, at the express risk of her rights under the will which contained an in terrorem clause, and of her rights under the trust, and of damages in the minimum amount of $2,000; (b) "discovery of all the transactions of said trustees"; (c) that the trustees be ordered to account; and (d) that the accounts be verified and adjudicated. The plea set out that a prior proceeding seeking the same accounting was heard, determined and dismissed.

The evidence showed a prior petition in equity by Day against the respondents as trustees of the trust, with none of the discretionary beneficiaries, other than Day, as parties, setting out the trust, referring to clauses providing that no accounts need be filed and that the trustees' discretion be not questioned, averring that these provisions were against public policy and that the respondents were in a fiduciary relationship to Day, and praying for an accounting and "other and further relief." The trust deed named nine beneficiaries including the petitioner, to and among whom the trustees might make payments in their discretion, and provided that upon the death of the last to die of these beneficiaries the trust fund was to go to the respondents. The evidence also showed that the respondents had filed a plea in abatement to the earlier suit which set out "(a) that the beneficiaries named in the trust instrument annexed to the bill in equity are necessary parties and have not been joined; (b) that Helen H. Moore Day had no legal right to bring this petition and this fact should be determined at the outset without the necessity of plunging the respondent trustees into costly litigation." The plea and a demurrer had been heard together before the probate judge who heard the plea in bar in this case. It was stipulated that both issues raised in the plea in abatement had been heard in full. Thus objections to the plea that its second point ("no legal right to bring this petition") was not in abatement but in bar and was possibly multiple, had been waived. *Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503, 507. *S. Solomont & Sons Trust, Inc.* v. *New England Theatres Operating Corp.* 326 Mass.

99, 110. The judge on January 6, 1958, had indorsed on the demurrer, "after hearing . . . overruled," on the plea, "after hearing the within plea is hereby sustained," and on the petition, "the within petition is hereby dismissed." The docket shows the three orders and an appeal from the order on the demurrer. The judge took judicial notice of the fact that he sat on the previous case. A report of material facts stated additionally that the judge took judicial notice of the docket entries; and contained the following statements: "one of the grounds for the plea in abatement . . . was that the petitioner had no legal right of action, presumably, because of the release and waiver (see release attached to the petition in the instant case) . . . . The trust deed . . . permits the trustees to settle with the petitioner, or anyone else, and to procure a release . . . [and] to account, or not . . . in their own discretion. There is also an in terrorem clause in the will . . . and in the codicil . . . which barred anyone from bringing any action. The petitioner, and about eight other beneficiaries, were named in the will and codicil and given small money bequests, but were devised nothing specifically in the trust deed except in the sole discretion of the fiduciaries. . . . I find as a fact that this instant petition was barred on the grounds of res judicata since all matters in so far as this instant petitioner is concerned were settled in the first petition, or should have been. I specifically find that the release and waiver . . . was free from any taint and was given for valid consideration and that the petitioner did not avail herself of the allegation of fraud in the previous hearing although the release was in existence and the circumstances of its execution were the same at the time of the first hearing."

The finding in respect of the release and waiver and the failure to allege fraud was not based on any evidence in this case and must be disregarded. We assume that it states what the judge had had in mind at the time of the entry of the orders and decree in the earlier proceeding. But while testimony may be received of what was tried, that is, of what

was the case to which the decree or judgment applies (*Boston & Maine R.R.* v. *T. Stuart & Son Co.* 236 Mass. 98, 102, *Siegel* v. *Knott,* 318 Mass. 257, 258–259 [the transcript of evidence], *Silva* v. *Brown,* 319 Mass. 466, 467), the judge "cannot properly state the secret and unexpressed reasons which actuated his decision." Freeman, Judgments (5th ed.) § 771. *Higgins* v. *Pratt,* 316 Mass. 700, 715. "A judgment is a solemn record. . . . It . . . ought never to be overthrown or limited by the oral testimony of a judge or juror of what he had in mind at the time of the decision." *Fayerweather* v. *Ritch,* 195 U. S. 276, 307. Findings could not be made in this case on the evidence in the earlier case. Findings in this case cannot have the effect of findings in the earlier case. See *291 Washington St. Inc.* v. *School St. Liquors, Inc.* 331 Mass. 150, 150–151; *Rappel* v. *Italian Catholic Cemetery Assn.* 259 Mass. 550, 553. The judge did not purport to take judicial notice of the undisclosed basis of his decree; he could not have done so. *Duarte, petitioner,* 331 Mass. 747, 749–750. See Morgan, The Law of Evidence 1941–1945, 59 Harv. L. Rev. 481, 487. See for cases where judicial notice was taken of matters of record, *Matter of Keenan,* 314 Mass. 544, 548; *Gordon* v. *Gordon,* 332 Mass. 210, 213, and cases cited; *Vigoda* v. *Barton,* 338 Mass. 302, 303.

The petitioner contends that the record, without these findings, does not show whether the basis of the earlier decree was lack of parties or that Day had "no legal right to bring this petition," and that therefore it is not res judicata. We are constrained to agree, notwithstanding the indications that the judge had intended to dispose of the case on the broader ground. *Foster* v. *The Richard Busteed,* 100 Mass. 409, 411–412. *Hacker* v. *Beck,* 325 Mass. 594, 598. *Lea* v. *Lea,* 99 Mass. 493, 496. *Cochrane* v. *Cochrane,* 303 Mass. 467, 471–472. Restatement: Judgments, § 49, comment c. See *Abbott* v. *Bean,* 295 Mass. 268, 274–275. Compare *Fayerweather* v. *Ritch,* 195 U. S. 276. The burden was on the respondents to show the basis of the decree. *Cochrane* v. *Cochrane,* 303 Mass. 467, 472. *Hacker* v. *Beck,* 325 Mass. 594, 598.

Day *v.* Crowley.

*Foster* v. *The Richard Busteed, supra,* held that a petition for the enforcement of a lien on a vessel was not barred by a general decree dismissing a prior petition to enforce the same lien where it did not appear whether the judgment was based on technical defences (petition prematurely brought and vessel in marshal's custody) or on the merits. The indications in that case were such that the court thought it highly probable that the dismissal was on the technical defences, but the principle stated is no less applicable. The court said, "But the entry was in general terms, no specific reasons were assigned, and we cannot explore the mind of the court to ascertain what the real reasons were. . . . And where in the answer various matters of defence are set forth, some of which relate only to the maintenance of the suit, and others to the merits, and there is a general decree of bill dismissed, from which it does not appear what was the prevailing ground of defence, it is impossible to hold that the decree operates to preclude future proceedings." In the *Fayerweather* case, *supra,* the Supreme Court of the United States said (p. 307), "[W]here the evidence is that testimony was offered at the prior trial upon several distinct issues, the decision of any one of which would justify the verdict or judgment, then the conclusion must be that the prior decision is not an adjudication upon any particular issue or issues, and the plea of res judicata must fail."

We agree with the respondents that it is probable that if the plea had been sustained as a plea in abatement for want of parties the judge would have afforded the petitioner an opportunity to amend. G. L. c. 231, § 51. *Conley* v. *Fenelon,* 274 Mass. 160, 161. But the rules then in force did not require that this be done (Rule 5 of the Probate Courts [1934]; compare new Rule 33 of the Probate Courts effective April 1, 1959), and a conclusion may not be based on this speculation.

The case of *Siegel* v. *Knott,* 318 Mass. 257, 261–262, is distinguishable. There the disposition in the earlier case was after a trial on the merits to a jury, with no suggestion

of a variance throughout the trial. The judge directed a verdict "on the evidence, on the pleadings and on the law." The court said it was not called upon to speculate whether the judge's action was on a variance or without regard to a variance; the first action was in essence based on the same alleged transactions, acts and agreements and the plaintiffs had ample opportunity to state their cause of action completely and correctly and have their pleadings conform to the proof; the doctrine of res judicata applies equally where this opportunity exists and is not embraced. The governing principles were restated from *Mackintosh* v. *Chambers*, 285 Mass. 594, 596–597. "The statement of a different form of liability is not a different cause of action . . . . A party cannot preserve the right to bring a second action . . . merely by having circumscribed and limited the theories of recovery opened by the pleadings in the first."

The respondents do not contend that the plea of want of parties was without any merit. We do not reach the issue of the effect of the inclusion, with a hearing on a substantive point, of the issue of a plainly frivolous technicality.

The decrees are reversed. A decree is to enter overruling the plea.

*So ordered.*