JOSEPH P. FERRITER *vs.* JEANNE W. BORTHWICK & others.

Hampden.    October 8, 1963. — November 1, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Evidence,* Findings in another proceeding, Judicial notice. *Will,* Revocation. *Probate Court,* Findings by judge, Rehearing. *Res Judicata.*

A clause revoking prior wills in a will available for probate is not effective until the later will containing it has been admitted to probate. [392–393]

Disallowance by a judge of a Probate Court of a will on the ground of undue influence on the part of the principal beneficiary was error where there was no evidence of undue influence in the proceeding for probate of that will and the judge acted "for no other reason" than that in a previous proceeding before him for proof of another will of the decedent he had found undue influence on the part of the same person, the principal beneficiary under the other will also. [393]

A judge of a Probate Court could not take judicial notice of facts or evidence previously brought out at the hearing by him of another proceeding.  [393]

A determination by this court that a judge of a Probate Court acted on an erroneous basis in disallowing a will on the ground of undue influence solely on facts found in a different proceeding also heard by him did not entitle the proponent to a decree admitting the will to probate; the petition for probate must be heard anew.  [393]

PETITION filed in the Probate Court for the county of Hampden on February 28, 1962, for proof of a will.

The case was heard by *Cook, J.*

*Frank Placzek* for Fay Bennett.

*Douglas R. Winniman* for Shirley Mihalski.

*William T. Walsh,* for Jeanne W. Borthwick & another, submitted a brief.

WILKINS, C.J.   This is an appeal from a decree of the Probate Court for Hampden County disallowing a will dated October 15, 1959, of Fayette H. Wagner, late of West-field, on the ground that it was procured by the undue influence of his daughter, Fay Bennett.   The judge made a report of the material facts found by him which we summarize.   The testator died on October 10, 1961.   He executed other wills dated March 3, 1960, and September 9, 1960.   Previously the will of September 9, 1960, had been disallowed on the ground that it was procured by the undue influence of Fay Bennett, who was the principal beneficiary in all three wills.   No evidence of undue influence was introduced at the hearing on the present petition, but a report of material facts made by the same judge upon the previous petition for the proof of the will of September 9, 1960, was incorporated by reference in the present report.   Because of the facts found in the earlier case "and for no other reason" the judge disallowed the will of October 15, 1959.

The will of March 3, 1960, has never been made the subject of a petition for probate, but was introduced in evidence at both hearings and was the subject of testimony at the hearing in the earlier case.   The respondents suggest that the judge's ruling can be supported on the ground that the will of March 3, 1960, revoked the will of October 15,

1959. This, however, cannot be. The will of March 3 has not been lost or destroyed (as to which see *Agricultural Natl. Bank* v. *Bernard,* 338 Mass. 54, 56), and has never been admitted to probate. "A subsequent will containing a clause revoking former wills is not evidence of revocation until it is admitted to probate. *Stickney* v. *Hammond,* 138 Mass. 116." *Sewall* v. *Robbins,* 139 Mass. 164, 167.

There was error in deciding the petition upon the basis of the report of material facts in another case. That there had been undue influence by Fay Bennett in procuring the execution of the will of September 9, 1960, was not even proof that there was undue influence by her in procuring the execution of the will of October 15, 1959. Much less could the earlier decree be treated as conclusive. Nor could the judge's action be upheld as a taking of judicial notice of facts or evidence brought out at the prior hearing. He could not act upon his private knowledge of particular facts which are not a matter of common knowledge or observation. *Mady* v. *Holy Trinity Roman Catholic Polish Church,* 223 Mass. 23, 27. *Duarte, petitioner,* 331 Mass. 747, 749. *Day* v. *Crowley,* 341 Mass. 666, 669–670.

In situations where there is more than one will it is within the power of the judge to require petitions to be filed to probate each will and to hear them together. *Will of Burns,* 210 Wis. 499. *Will of Kalskop,* 229 Wis. 356. *Estate of Yahn,* 258 Wis. 280.

The petitioner is not entitled to an order that the will be admitted to probate merely because the judge acted on an erroneous basis. The petition must be heard anew.

*Decree reversed.*