LOIS JILL VALENTINE & another *vs.* JAMES CROWELL. January 2, 1968. In this action of tort the female plaintiff seeks to recover for injuries which she sustained on July 17, 1964, while riding as a guest in an automobile operated by the defendant. The declaration contains a count by the plaintiff's father for consequential damages. Verdicts were returned for the plaintiff and her father. The sole question is whether the judge erred in denying the defendant's motion for directed verdicts. A detailed recital of the evidence would serve no useful purpose. From a careful examination of it we are of opinion that it amply warranted a finding of gross negligence. The motion for directed verdicts was rightly denied.

*Exceptions overruled.*

*Charles R. Desmarais* for the defendant.
*Richard C. Anderson* for the plaintiffs.

THEODORE MORRISON & another [1] *vs.* ELIZABETH KRAUSS & others. [2] January 3, 1968. Elizabeth Krauss appeals from a decree appointing Mr. Theodore Morrison guardian of the person and estate of her sister, Catherine K. Flanagan, who is admittedly a mentally ill person, and from the denial of her motion to strike part of the judge's voluntary report of material facts. The evidence is reported. The lengthy prologue in the judge's report consists in large part of a recapitulation of docket entries relating to earlier hearings and decrees pertaining to the management and contests for the management of Catherine's affairs. These, although unnecessary, are per se unobjectionable. Interspersed with the chronology, however, are statements of evidence received and the bases, hitherto undisclosed, for the conclusions reached by the judge at the prior hearings. These were improperly included in the judge's findings. *Day* v. *Crowley*, 341 Mass. 666, 670. *Ferriter* v. *Borthwick*, 346 Mass. 391, 393. We disregard them. We have read the report of the evidence before the judge on the petition for Mr. Morrison's appointment. All questions of law, fact and discretion are open for our decision. *Willett* v. *Willett*, 333 Mass. 323, 324. We find, as the decree of the judge imports, that Mr. Morrison is a suitable person to act as guardian, and that Mrs. Krauss, in the circumstances, is not.

*Decree affirmed.*

*James A. Whipple* for Elizabeth Krauss.
*Theodore Morrison,* pro se.

---

[1] Frederick A. Erskine of New Jersey who joined in the petition.

[2] Marie Majane and Vivian K. Rose, sister and niece respectively of the ward Mrs. Flanagan.