Walsh, P. J.
This is an appeal from the finding of a trial judge which awarded single damages after the defendants, without permission, cut down timber on the plaintiffs property. As well as suing in ordinary trespass, the plaintiff also had a count under G. L. c. 242, §7 which section reads as follows:
A person who without license wilfully, cuts down, carries away, girdles or otherwise destroys trees, timber, wood or underwood on the land of another shall be liable to the owner in tort for three times the amount of the damages assessed therefor; but if it is found that the defendant had *336 good reason to believe that the land on which the trespass was committed was his own or that he was otherwise lawfully authorized to do the acts complained of, he shall be liable for single damages only.
The property in question is wooded land in Florida, Massachusetts, located approximately one-half mile from the nearest way, a lightly traveled gravel road. Access to the site of the alleged trespass and timber cutting is over rough terrain and is accessible only by foot or by logging equipment. The defendant, Ann V. Tremblay, owned the property adjacent to the plaintiff, and the defendants, James Poplaski and Gary Zieminski, were working under a contract with Tremblay in removing timber from her land.
The plaintiff s property line was an irregular course through the wilderness which he claimed followed certain courses set out in his deed. This deed and Tremblay's deed were both introduced into evidence and contain no precise measurements, but refer only to the property of others and to some physical characteristics of the land in describing boundaries.
The plaintiff, prior to any cutting, met with one Towle, a friend and representative of Tremblay and showed Towle where he claimed the common property line was located. This line was walked by Towle and the plaintiff and was flagged with red tape at various intervals and locations. The plaintiff pointed out remnants of old barbed wire embedded in trees and blaze marks. The plaintiff s property had never been surveyed.
There was evidence that Poplaski and Zieminiski originally went to the Registry of Deeds and to the Town Assessor to review maps and deeds in an effort to verify the location of the Tremblay land. They were told by the assessor that the maps were for assessment purposes and were not necessarily accurate as to property lines. The assessors’ map was allowed into evidence solely for the purpose of showing the state of mind of the defendants. The map showed the common property line west of the flagged line which would place the area from which the timber was removed on the Tremblay property. The trial judge also took a view of the property.
There was expert testimony that the single value of the plaintiff s timber that was removed was $2,170.00 and judgment was rendered for the plaintiff in this amount. The trial judge made findings of fact including the following: that the line flagged by Towle and Zelazo was the common property line between Zelazo and Tremblay, that the portion of the Zelazo property from which the timber was removed was shown on the assessors’ maps as belonging to Tremblay, and that the defendants, based on the erroneous assessors' maps and lack of other reliable information to the contrary, had good reason to believe that the portion of the Zelazo property from which they removed trees belonged to Tremblay.
The plaintiff claims to be aggrieved by the findings and rulings of the trial judge, specifically, the finding which stated that the defendants had “good reason to believe” that the portion of plaintiff s property from which they cut the timber belonged to Tremblay. He also questions the allowance into evidence of the assessors’ maps and claims that the awarding of single rather than triple damages was erroneous as a matter of law.
The plaintiff filed no requests for rulings in this case and ordinarily in such a posture appellate review would not be appropriate. Being aggrieved by the court’s findings and rulings does not normally entitle one to a report. Haines Corp. v. Winthrop Square Cafe, Inc., 335 Mass. 152, 153 (1956). However, where all the material facts have found or have been agreed upon, a claim of report of the court’s findings may raise the question of the correctness of the general findings as based upon the subsidiary findings. Muir Brothers Co. v. *337 Sawyer Construction Co., 328 Mass. 413, 414-415 (1952). The question of law to be considered is whether the court’s finding was permissible on the subsidiary facts established and a request for a specific ruling to this issue would serve little purpose. Leshefsky v. American Employers’ Ins. Co., 293 Mass. 164, 167 (1936).
General Laws, c. 242, § 7 is a remedial and not a punitive statute and should be liberally construed. It indemnifies an injured party for damages despite the fact that the sum recovered may exceed the actual injury. Where the statute uses the word wilfully, it means intentionally and consciously as opposed to casual and involuntary. Palmer v. Davidson, 211 Mass. 556, 557-558 (1912).
The qualifying language of G. L. c. 242, §7 that reduces liability from triple to single damages is as follows: “ .. .but if it is found that the defendant had good reason to believe that the land on which the trespass was committed was his own or that he was otherwise lawfully authorized to do the acts complained of.. The first part of this excerpt applies to an owner who commits a trespass on land he (or she) had good reason to believe was his (or her) land. The second portion pertains to one who is not an owner, but goes in, on, upon or through land of another with the authority of one apparently who acts as an owner and believes that he (or she) owns the same.
In the case at bar, the non-owners saw fit to make their own determination of what the employer-owner owned. From the facts found, it appears that her authorization was confined to land she deemed was hers, the boundaries thereof having been agreed by the owner’s representative with the plaintiff and marked in accordance with said agreement. Our interpretation of the instant statute concludes that it does not embrace unsolicited, independent action by a non-owner who takes steps or action to determine what land is owned by his employer. Hence, the trial court’s conclusion that the non-owner defendants had good reason to believe the land on which the trespass occurred was authorized is without merit and is error.
We are satisfied that we have before us all the facts necessary for determining the question in dispute. See Elliott v. Warwick Stores, Inc., 329 Mass. 406, 409 (1952). Accordingly, we modify the ruling of the trial court so that the amount of plaintiff s damages in any count alleging a violation of G. L. c. 242, §7 shall be assessed at $6,321.00 instead of $2,107.00. All other findings and rulings are affirmed.
Because of our decision, we consider plaintiff s grievance pertaining to the admission of evidence as waived.