STEPHEN W. HOWE, guardian, *vs.* ROSE PROKOP. October 31, 1985. *Practice, Civil,* Disqualification of judge, Judicial notice, Findings by judge. *Judge. Evidence,* Relevancy and materiality, Cumulative.

The guardian of Edna M. Murray brought this action in a Probate Court against the defendant, a friend of the ward, to recover funds allegedly belonging to the ward. Judgment entered for the plaintiff. We affirm.

1. *Alleged bias of the judge.* The Probate Court judge in this action had also presided in an earlier proceeding in which the defendant had sought to be appointed conservator of the estate of the ward, a woman then eighty-six years of age. On November 2, 1982, the judge had appointed the plaintiff as guardian.

In this action, the defendant was represented by counsel other than the one who had represented her in her petition to be appointed conservator. Present counsel, in his opening statement for the defendant, characterized the transaction, which resulted in certain certificates of deposit being put in the name of the defendant, as a gift made by the ward. The judge, on hearing counsel's opening, interjected that he remembered that the defendant had, in the previous proceeding, indicated that "she was acting . . . out of a feeling of deep concern for this lady who was being taken advantage of, that she [the defendant] wanted nothing."

Immediately after the judge's statement, counsel asked the judge to withdraw from the case. The judge refused to disqualify himself on the ground that what he remembered was learned in the course of judicial proceedings and that he considered himself to have an open mind.

The defendant was not deprived of her right to a free, impartial, and independent judge as guaranteed by art. 29 of the Massachusetts Declaration of Rights and the Fourteenth Amendment to the Constitution of the United States. Knowledge of damaging information against a defendant does not disqualify a judge from continuing to sit on a case. *Commonwealth* v. *Campbell*, 5 Mass. App. Ct. 571, 587 (1977). "The alleged bias and preju-

dice to be disqualifying must rise from an extrajudicial source and not from something learned from participation in the case" or from a hearing in a related proceeding. *Kennedy* v. *District Court of Dukes County,* 356 Mass. 367, 379 (1969). *Commonwealth* v. *Leventhal,* 364 Mass. 718, 722 (1974). *Commonwealth* v. *Campbell,* 5 Mass. App. Ct. at 587.

"In general, the question of disqualification is left to the judge's discretion." *Commonwealth* v. *Gogan,* 389 Mass. 255, 259 (1983). When faced with a challenge to his impartiality, a judge must "consult first his own emotions and conscience" and, if he "pass[es] the internal test of freedom from disabling prejudice, he must next attempt an objective appraisal of whether this [is] 'a proceeding in which his impartiality might reasonably be questioned.'" *Id.,* quoting *Lena* v. *Commonwealth,* 369 Mass. 571, 575 (1976). See S.J.C. Rule 3:09, Canon 3(C)(1)(a), as appearing in 382 Mass. 811 (1980). The judge's decision to proceed was "a most unequivocal assertion that on his own conscience there was no disqualification." *King* v. *Grace,* 293 Mass. 244, 247 (1936). The record does not suggest "unfairness to the defense during the course of the trial." *Commonwealth* v. *Gogan, supra* at 260.

2. *Challenge to finding number five.* The defendant also urges that the judge's finding number five, set forth in the margin,[1] was indicative of bias. Although we reject that claim (see part 1, *supra*) and agree with the judge that he should disclose to new counsel what had happened previously, the record before us does not disclose a basis for the finding.[2] While a judge may take judicial notice of the fact that he sat on a related case and also may take judicial notice of the docket entries in the prior case, *Morrison* v. *Krauss,* 353 Mass. 761 (1968), he may not judicially notice "facts or evidence brought out at the prior hearing." *Ferriter* v. *Borthwick,* 346 Mass. 391, 393 (1963). See also *Day* v. *Crowley,* 341 Mass. 666, 669-670 (1961); *Morrison* v. *Krauss, supra; Asker* v. *Asker,* 8 Mass. App. Ct. 634, 639-640 (1979).

In this case, however, even if the finding was inappropriate, see note 2, *supra,* a review of the entire transcript as well as the other findings made by the judge indicate that the finding was unnecessary to the decision and may be disregarded. See *Morrison* v. *Krauss, supra; Furtado* v. *Furtado,* 380 Mass. 137, 140 n.1 (1980). The documentary evidence, even apart from the oral testimony of the plaintiff, fully supports the conclusion

---

[1] "5. The defendant in seeking appointment as the Conservator of the Estate of Edna M. Murray through her then attorney represented to the Court that she was a long standing friend of the ward and had no motive other than to protect the ward from being victimized by others. Either explicitly or by implication the defendant through her then attorney conveyed to the Court the distinct impression that no possible conflict existed between the interests of the ward and the defendant."

[2] It may be that records of the prior proceedings which could be judicially noticed provided a basis for the finding. See *Littleton Indus., Inc.* v. *Peerless Ins. Co.,* 11 Mass. App. Ct. 814, 816 (1981). Cf. *Miller* v. *Norton,* 353 Mass. 395, 399 (1967). See generally Liacos, Massachusetts Evidence 22-23 (5th ed. 1981 & Supp. 1985). The record appendix, however, does not contain the records of the prior proceedings.

that the defendant, at first, did not take a position contrary to the ward. In late 1982, she turned over the certificates of deposit to the guardian. She requested him to correct the tax records so that the income earned by the certificates in 1982 would be taxed to the guardianship and not to her. She did not report the income from the certificates on her 1982 tax return. There is no question that other findings of the judge stating the defendant's earlier position were amply supported by the evidence.

3. *Other issues.* There was no reversible error in not permitting the defendant to testify as to her observations relating to the ward's mental capacity. See generally Liacos, Massachusetts Evidence 117-118 (5th ed. 1981). The defendant had previously testified to the ward's capacity to make a gift; the excluded evidence was therefore cumulative. Moreover, the finding that the ward had not made a gift eliminates the relevancy of the inquiry as to her competence.

The defendant's objections to other findings of the judge and her claim that his rulings of law were defective are also without merit. The judge's "thought process" was "fully articulated," see *Petition of New Bedford Child & Family Serv. to Dispense with Consent to Adoption,* 385 Mass. 482, 491 (1982); *Ricky Smith Pontiac, Inc.* v. *Subaru of New England, Inc.,* 14 Mass. App. Ct. 396, 404-405 (1982), and his findings were supported by the evidence.

*Judgment affirmed.*

*Robert C. Moran* for the defendant.
*John T. Daley* for the plaintiff.