Dohoney, J.
This action involves a complaint wherein the plaintiff seeks recovery of $2,420.50 for legal services performed for the defendant. The complaint alleges a breach of contract and also seeks recovery in quantum meruit. The defendant alleged improper representation and asserted liability *63 of only $703.50. The Trial Justice found that ‘The plaintiff has failed to prove by a preponderance of evidence that he is entitled to his fee” and judgment entered for the defendant.
This Report reflects evidence that the defendant retained the plaintiff to represent her in the defense of a timber trespass suit. The parties very commendably executed a fee agreement which in essence provided that the services would be rendered at the rate of forty dollars per hour. The agreement also provided that there was no representation as to the outcome and that “all fees shall be payable regardless of the said outcome.” There was also reference to the fact that the final bill would take into account factors in addition to the time expended. There was evidence tending to show the time expended. There was also evidence tending to show that the defendant was dissatisfied with the service and the result. The result was apparently a finding against the defendant in the amount of $2,107.00 which was brought on appeal to this forum and which was tripled by this forum. See. Zelazo v. Tremblay, 1983 Mass. App. Div. 335. The report reflects conflicting evidence as to whether the plaintiff pursued certain defenses an d as to his role in the trial and the appeal.
The plaintiff raises three objections to the Judgment. First, he alleges that there was no evidence to support a finding that the plaintiff did not establish his case by a preponderance of the evidence. It seems clear there was evidence of the agreement for services and of the time spent. However, these facts alone do not entitle the plaintiff to recovery. The agreement itself provides that other factors should be taken into account. Moroever, an attorney owes an obligation to a client to exercise the degree of care and skill of an average practitioner. Fishman v. Brooks, 396 Mass. 643(1986). The plaintiff has the burden of proof to show recovery for his fees. Holton v. Denaro, 278 Mass. 261(1932). Thus, the plaintiff must not only show that he actually spent the time on the matter but that he has met the other criteria for recovery. Here, the Trial Justice simply found the plaintiff had not proven his case by a preponderance of the evidence. The nature of appellate review severely limits our ability to overturn this conclusion of the Trial Justice. Our function has most recently been stated in Ed Herrington, Inc. v. Clark, 1985 Mass. App. Div. 18 as follows:
This tribunal’s sole task is to determine whether on the evidence with all rational inferences to be drawn therefrom, the Trial Court’s findings can be sustained. Barttro v. Watertown Square Theatre, Inc., 309 Mass. 223, 224(1941). If the record reveals there be any evidence to support the findings, they hereby become conclusive and cannot be disturbed. Heil v. McCann, 360 Mass. 507(1971); Modd v. Old Colony Trust Company, 246 Mass. 139, 143-144(1923).
Here there was some evidence to sustain the judgment of the Trial Justice.
The plaintiff also alleges that the Trial Justice took judicial notice of the underlying case and made his findings based on evidence in the earlier case. A trial justice may not take judicial notice of any undisclosed basis for a judgment for decree. Day v. Crowley, 341 Mass. 666(1961); nor may a trial justice act on his personal knowledge obtained in another case. Ferriter v. Borthwick, 346 Mass. 391(1963). However, a trial justice may take judicial notice of court papers filed in prior actions involving the same parties. Brookline v. Goldstein, 388 Mass. 443 (1983); see also LIACOS, HANDBOOK OF MASSACHUSETTS EVIDENCE, Topic 1, Section 3 (a) (i).
Thirdly, the plaintiff contended that the Trial Justice indicated a manifest implication of bias. While it might have been preferable to refer to the parties *64 by name or as plaintiff or defendant, the fact that they were referred to as “Lawyer” and “Widow” does not amount to bias.
There being no prejudicial error, the Report is hereby dismissed.*

The Panel hearing this case consisted of only two members.