MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2014 ME 10
Docket:       Cum-13-164
Argued:       December 18, 2013
Decided:      January 28, 2014

Panel:        SAUFLEY, C.J., and LEVY, MEAD, GORMAN, and JABAR, JJ.[*]

## ESTATE OF GLORIA P. HALL

SAUFLEY, C.J.

[¶1]  We are asked in this appeal to determine whether the Cumberland County Probate Court (*Mazziotti, J.*) properly admitted to probate the 2004 will of Gloria P. Hall despite a 2007 separation agreement, reached in settlement of a divorce action, providing that neither Gloria nor her husband would modify the wills that each had executed in 1993, as modified by one codicil to the husband's will executed in 2002.  Jonathan S. Hall and Eastern Bank appeal from the court's judgment admitting to probate the 2004 will and appointing Jeffrey H. Hall as personal representative of the Estate.  They contend that the 2007 agreement, which was incorporated into a judgment by the Massachusetts Probate and Family Court and, due to Gloria's dementia, was executed on her behalf by a temporary guardian, is enforceable in this proceeding and must be given the effect of revoking Gloria's 2004 will and reviving her 1993 will.  We affirm the judgment.

---

[*]  Silver, J., sat at oral argument but did not participate in the development of the opinion.

## I. BACKGROUND

[¶2]  The following facts are not in dispute.  In 1993, Gloria P. Hall executed a will in Massachusetts that devised all personal and real property to her husband if he survived her by thirty days.  Otherwise, the personal property would be divided equally among those of her four children—Jeffrey, Jonathan, Jennifer, and Bonnie—who survived her.  The real estate would be sold and the proceeds distributed among three of her children—Jonathan, Jennifer, and Bonnie—if living, with a share going to the living issue of any who were deceased.  The residue of the estate would be distributed in a specified manner among all four children if alive and the then living issue of any who were deceased.

[¶3]  In August 2002, Gloria and her husband separated, and Gloria moved into the home of her daughter, Bonnie, in Kennebunk, Maine.  That November, Gloria's husband filed for divorce in Massachusetts.

[¶4]  In 2004, Gloria executed a new will in Massachusetts revoking all earlier wills and codicils and devising all tangible personal property to two of her children, Jeffrey and Bonnie, in equal shares.  The residue and remainder of the estate she devised to The Gloria Partridge Hall Trust unless it had been revoked before her death, in which case the residuary estate would go to Jeffrey and Bonnie or their estates.  The will expressly provided that two of her children, Jonathan and Jennifer, would be deemed to have predeceased her without issue.

[¶5]  Gloria was diagnosed with dementia in 2005, and the Massachusetts Probate and Family Court appointed a temporary guardian for her on July 8, 2005. In 2007, the temporary guardian signed a separation agreement with Gloria's husband by which the parties agreed, among other things, that neither would "modify or change any provision for the other party in his or her estate plan executed while represented by Ropes & Gray in Boston, Massachusetts," including Gloria's 1993 will.  The agreement represented that the parties had "no other estate documents in place other than those prepared by Ropes & Gray."  The resulting Massachusetts judgment in the divorce matter required the parties to comply with the agreement and incorporated it by reference.

[¶6]  Gloria died in Maine on November 27, 2008.  In 2009, in the York County Probate Court, Jonathan and Eastern Bank filed a petition for formal probate of the 1993 will, and Jeffrey and Bonnie filed an application for informal probate of the 2004 will.  Each side objected to the probate of the will supported by the other.  Due to a judicial recusal, the matter was transferred to the Cumberland County Probate Court for all further proceedings.

[¶7]  Jonathan and Eastern Bank moved for summary judgment in July 2009 on the ground that the 2007 separation agreement nullified the 2004 will.  The court entered a summary judgment against Jonathan and Eastern Bank in which it concluded that the 2004 will could not have been revoked by an agreement entered

4

into by a temporary guardian who lacked the power to make or revoke a will on behalf of his ward. Jonathan and Eastern Bank appealed from that judgment, but we dismissed the appeal as interlocutory because the parties had yet to fully litigate the validity of the 2004 will. *Estate of Hall*, Mem-11-44 (Mar. 17, 2011).

[¶8] In October 2012, Jonathan filed a new motion for summary judgment, this time on the ground that the Massachusetts judgment was entitled to full faith and credit and required enforcement of the 1993 will. The court denied the motion.

[¶9] The parties stipulated to the admission of exhibits, and they stipulated both that Gloria had testamentary capacity when she executed the 2004 will and that claims of undue influence would not be pursued in this probate proceeding. After considering all of the evidence, the court entered a judgment, later amended to correct a clerical error, admitting the 2004 will to probate based on a finding that there were no defects affecting the validity of the 2004 will. Jeffrey and Eastern Bank appealed from this judgment. *See* 18-A M.R.S. § 1-308 (2013); M.R. App. P. 2.

## II. DISCUSSION

[¶10] We review a grant of summary judgment de novo. *Bell v. Dawson*, 2013 ME 108, ¶ 15, --- A.3d ---. We also review the interpretation of a statute de

*novo*, applying the statute's plain meaning if it is unambiguous. *See Cent. Me. Power Co. v. Devereux Marine, Inc.*, 2013 ME 37, ¶ 8, 68 A.3d 1262.

[¶11] Jonathan and Eastern Bank argue primarily that the doctrine of full faith and credit requires Maine courts to accept the separation agreement's reference to the 1993 will as effecting a revocation of Gloria's 2004 will and revival of the 1993 will. *See LeBlanc v. United Eng'rs & Constructors Inc.*, 584 A.2d 675, 677-78 (Me. 1991) (discussing the requirement, in a system of cooperative federalism, not to infringe on a sister state's sovereignty). This doctrine does not, however, negate or supersede the requirements for revoking a will pursuant to the Massachusetts statute in effect when the separation agreement was executed in that state in 2007.

[¶12] The Massachusetts statute in place at that time provided that a will could be revoked only by certain acts:

> No will shall be revoked except by burning, tearing, cancelling or obliterating it with the intention of revoking it, by the testator himself or by a person in his presence and by his direction; or *by some other writing signed, attested and subscribed in the same manner as a will*; or by subsequent changes in the condition or circumstances of the testator from which a revocation is implied by law.

6

Mass. Gen. Laws Ann. ch. 191, § 8 (West 2004) (emphasis added).[1] To make a valid will in Massachusetts at that time, the person making the will was required to be of sound mind and to sign it, or have someone else sign it at her direction and in her presence, in the presence of two or more competent witnesses:

> Every person eighteen years of age or older and *of sound mind* may by his last will *in writing, signed by him or by a person in his presence and by his express direction, and attested and subscribed in his presence by two or more competent witnesses*, dispose of his property, real and personal, except an estate tail, and except as is provided in this chapter and in chapters one hundred and eighty-eight and one hundred and eighty-nine and in section one of chapter two hundred and nine.

Mass. Gen. Laws Ann. ch. 191, § 1 (West 2004) (emphasis added).

[¶13] Here, whether or not a court's judgment ordered compliance with the separation agreement, that agreement itself failed to comply with the plain terms of the statute governing will revocation. Specifically, the summary judgment record before the Probate Court when it decided this issue failed to demonstrate that (1) Gloria was of sound mind, (2) the separation agreement was executed in her presence and at her direction, and (3) the separation agreement was attested and subscribed in her presence by two or more competent witnesses. *See id.* Accordingly, the facts set forth in this matter fail to demonstrate that the separation agreement revoked the 2004 will and revived the 1993 will. *See id.* §§ 1, 8; *see*

---

[1] Revocation by implication "is limited to a very small number of cases at common law, as for example subsequent marriage and birth of children without provision in the will to cover such events." *Meyerovitz v. Jacobovitz*, 160 N.E. 331, 332 (Mass. 1928).

*also Meyerovitz v. Jacobovitz*, 160 N.E. 331, 332-33 (Mass. 1928) (rejecting a claim that a will had been revoked when, despite some indication of a purpose to revoke, "the agreement contained no reference to the will and was not signed and attested as required for a will").

[¶14]  No issues related to full faith and credit arise in these circumstances because, whether or not the Massachusetts judgment is valid and enforceable, neither that judgment nor the referenced separation agreement meet the statutory requirements for will revocation.

[¶15]  Because the parties stipulated that the 2004 will was validly executed by a person with testamentary capacity and it was not shown to be the subject of undue influence in this proceeding, and because it could not be revoked by the separation agreement—whether or not a court ordered compliance with the agreement's terms—the Probate Court did not err in admitting the 2004 will of Gloria Hall to probate.

The entry is:

Judgment affirmed.

8

**On the briefs:**

Dana E. Prescott, Esq., Prescott, Jamieson, Nelson & Murphy, LLC, Saco, for appellants Jonathan Hall and Eastern Bank

James B. Smith, Esq., and Michael J. O'Toole, Esq., Woodman Edmands Danylik Austin Smith & Jacques, P.A., Biddeford, for appellee Jeffrey H. Hall

Gregory O. McCullough, Esq., Sanford, for appellee Bonnie Hall

**At oral argument:**

Dana E. Prescott, Esq., for appellants Jonathan Hall and Eastern Bank

Michael J. O'Toole, Esq., for appellee Jeffrey H. Hall

Gregory O. McCullough, Esq., for appellee Bonnie Hall

Cumberland County Probate Court docket number 2009-737
FOR CLERK REFERENCE ONLY