ADOPTION OF DONALD & another.[1] No. 99-P-1241. June 2, 2000. *Adoption, Care and protection, Dispensing with parent's consent. Parent and Child, Care and protection of minor, Dispensing with parent's consent to adoption. Evidence, Hearsay.*

When this case first appeared here, *Adoption of Donald*, 44 Mass. App. Ct. 857 (1998), we held that termination of parental rights, even when made pursuant to G. L. c. 119, § 26(4), and not under separate petition filed under G. L. c. 210, § 3, rendered moot a finding of the need for care and protection, and that the period for appeal is the sixty-day period provided by Mass.R.A.P. 4(a), and not the ten-day period established in G. L. c. 119, § 27.[2] The case is now here for review of the substantive issues raised by the mother in her appeal. We affirm the decree of the District Court.

1. The mother contends that the issue of dispensing with the need for her

---

[1]Nicholas. Both names are fictitious.
[2]Since September 1, 1998, rule 4(a) has provided that in all child welfare cases the period for appeal would be thirty days from the entry of a judgment, a decree, an order, or an adjudication. Mass.R.A.P. 4(a), as amended, 430 Mass. 1603 (1999).

consent to adoption was not properly before the court as a motion requesting dispensation had been filed, not by the Department of Social Services (department), as G. L. c. 210, § 3, directs, but by counsel for the children.[3] The express language of G. L. c. 119, § 26(4), permits, and in some instances mandates, that the judge, upon a finding of the need of care and protection, consider and order the dispensation of the need for parental permission to adopt.[4] Although a judge is required to follow the standards set forth in G. L. c. 210, § 3(c), in determining whether to abrogate parental consent, nothing in G. L. c. 119, § 26(4), requires that a separate petition or motion be filed before the judge may act.

At its inception, the mother was given notice that a possible result of the care and protection proceedings might be that the need for her permission to adopt would be foreclosed. The motion filed by the attorney for the children added nothing of substance to the proceedings and, in the circumstances, can be considered precatory in nature. The petition, the notice, and the statute

[3]General Laws c. 210, § 3(b), provides in pertinent part:

"The department of social services or a licensed child care agency may commence a proceeding, independent of a petition for adoption, in the probate court in Suffolk county or in any other county in which the department or agency maintains an office, to dispense with the need for consent of any person named in section 2 to adoption of the child in the care or custody of the department or agency. Notice of such proceeding shall be given to such person in a manner prescribed by the court. The court shall appoint counsel to represent the child in the proceeding unless the petition is not contested by any party. The court shall issue a decree dispensing with the need for consent or notice of any petition for adoption, custody, guardianship or other disposition of the child named therein, if it finds that the best interests of the child as provided in paragraph (c) will be served by the decree. Pending a hearing on the merits of a petition filed under this paragraph, temporary custody may be awarded to the petitioner."

[4]Authorizing one of a number of actions possible on a finding of the need of care and protection, G. L. c. 119, § 26(4), provides in pertinent part:

"It [the court] may enter an order to dispense with the need for consent of any person named in section two of chapter two hundred and ten, to the adoption, custody, guardianship or other disposition of the child named therein, upon a finding that the child is in need of care and protection pursuant to this section and that the best interests of the child will be served by such an order. In determining whether such an order should be made, the standards set forth in section three of said chapter two hundred and ten concerning an order to dispense with the need for consent to adoption of a child shall be applied.

"If the child who is the subject of the petition is under the age of twelve years, and if the court adjudicates the child to be in need of care and protection in accordance with this section, the court shall enter an order dispensing with the need for consent to adoption upon finding that the best interests of the child, as defined in paragraph (c) of said section three of said chapter two hundred and ten, will be served thereby."

Of no relevance here, G. L. c. 119, § 26(4), has since been amended, by St. 1999, c. 6, § ·1. The amendment requires, under certain circumstances, that the department file separately or move to amend an existing petition brought under G. L. c. 119 to dispense with the need for permission to adopt.

provide all the procedural and substantive authority needed for an ultimate determination abrogating the need for parental consent to adoption.

2. The mother also claims that the trial judge improperly relied on hearsay evidence of sexual abuse in making her determination of the need of care and protection and for dispensing with the need for permission to adopt. The mother raises this issue for the first time on appeal, having stipulated at trial that all evidence, including the evidence now complained of, heard at the seventy-two hour hearing be admitted at trial. See *White* v. *White*, 40 Mass. App. Ct. 132, 133 (1996). Had the issue been properly raised and preserved at trial, the appeal would still fail because there is overwhelming other evidence supporting the judge's ultimate findings and conclusions.[5]

The balance of the errors claimed by the mother are also without merit.

> *The decree dispensing with the need for parental consent to adoption is affirmed.*

*Robert J. McCarthy, Jr.*, for the mother.

*Steven L. Wollman* for the children.

*Katherine M. Potter* for Department of Social Services.

---

[5]The mother also claims, for the first time on appeal, that the judge should not have approved the department's adoption plan. Again, even if the issue had been properly raised, it would have failed. Based on the evidence presented at trial, the judge could properly evaluate the department's proposal for the future. See *Adoption of Vito*, 431 Mass. 550, 556-557 (2000).