ADOPTION OF MALIK.[1]

No. 13-P-384.

Worcester. September 12, 2013. - October 22, 2013.

Present: GREEN, GRAINGER, & FECTEAU, JJ.

*Adoption,* Standing, Dispensing with parent's consent. *Parent and Child,* Dispensing with parent's consent to adoption, Adoption.

A biological mother's reservation, contained in a stipulation as to her unfit-
ness and to termination of her parental rights, of the right to nominate her
parents as an adoptive resource or as guardians and to have a judge consider
her plan did not, in combination with her participation in her child's
permanency hearing, confer on her standing to challenge the judge's
determination, after entry of the decree terminating her parental rights, that
the competing plan of the Department of Children and Families was in the
child's best interests, particularly where the proposed kinship nominees
were joined as parties in the case, and neither they nor the child elected to
appeal from the judge's ruling. [438-441]

PETITION filed in the Worcester County Division of the Juvenile Court Department on April 16, 2010.

The case was heard by *George F. Leary,* J.

*Joshua D. Woda* for the mother.

*Bryan F. Bertram,* Assistant Attorney General, for Department of Children and Families.

*Jacqueline Y. Parker* for the child.

GREEN, J. After Malik suffered serious but unexplained injuries as an infant while in the care of his birth mother (mother), the Department of Children and Families (department) commenced a petition for his care and protection, under G. L. c. 119, § 24. Eventually, both birth parents stipulated to their unfitness and to termination of their parental rights, and decrees entered to that

_____
[1] A pseudonym.

effect.[2] Thereafter, the care and protection proceeding was consolidated with a petition by Malik's maternal grandparents seeking guardianship, and an evidentiary hearing was conducted to determine whether Malik's best interests would be served by guardianship by the maternal grandparents or, alternatively, by adoption by the foster family with whom the child had been placed during the pendency of the care and protection proceeding. After hearing, a judge of the Juvenile Court concluded that the adoption plan proposed by the department, in which the foster family would adopt the child, would serve the child's best interests. The mother filed a notice of appeal, claiming that the judge's order constituted an abuse of discretion.[3] We conclude that the appeal must be dismissed, as the mother is without standing to maintain it.

*Background.* At the time of Malik's birth, on February 19, 2010, the mother was eighteen years old and living with her parents. She had an active restraining order against Malik's father, and was involved in a relationship with a new boyfriend (who also lived with her in her parents' home). The mother's behavior at the hospital prompted a mandated reporter to file a report under G. L. c. 119, § 51A, alleging neglect of the then two day old Malik.[4] After investigation, the department determined that Malik should remain with his mother, based upon assurances by the maternal grandparents that they would assist with Malik's care. Two months later, in March, 2010, the mother and her boyfriend moved out of the parent's home, taking Malik with them. Within one month a doctor diagnosed Malik with nine broken bones, which appeared to have occurred at different times. The mother thereafter admitted to sufficient facts on a charge of reckless endangerment of a child.

Following discovery of Malik's injuries, the department took

---

[2]The mother's stipulation, and the decree terminating her parental rights, entered on September 21, 2011. The father's stipulation, and the decree terminating his parental rights, entered on March 9, 2012.

[3]The maternal grandparents did not file a notice of appeal or otherwise participate in the mother's appeal. The child filed a brief defending the order approving the department's adoption plan.

[4]Specifically, the reporter expressed concern regarding the mother's ability to make appropriate decisions on Malik's behalf, and her desire to terminate the restraining order against Malik's father.

custody of him and commenced a petition for his care and protection, pursuant to G. L. c. 119, § 24. The department placed Malik with a foster family during the pendency of the proceeding. As we observed in the introduction, Malik's birth parents stipulated to their unfitness and the termination of their parental rights, and decrees entered to that effect.[5] Following an evidentiary hearing, a judge of the Juvenile Court concluded that Malik's interests would best be served by the department's proposal for adoption by the foster family with whom he had been living since he was just over two months old.[6]

*Discussion.* Termination of parental rights may occur only after a judge determines that a parent is unfit and that termination is in the child's best interest. See, e.g., *Adoption of Cesar*, 67 Mass. App. Ct. 708, 712 (2006). These twin determinations are not separate and distinct but, instead, are "cognate and connected steps" that "reflect different degrees of emphasis on the same factors." *Id.* at 712-713, quoting from *Petition of the New England Home for Little Wanderers to Dispense with Consent to Adoption*, 367 Mass. 631, 641 (1975). Following termination of parental rights, a biological parent has no right "to receive notice of or to consent to any legal proceeding affecting the custody, guardianship, adoption or other disposition of the child named therein." G. L. c. 119, § 26, inserted by St. 1999, c. 6, § 1; G. L. c. 210, § 3, inserted by St. 1989, c. 145. Accordingly, once a decree enters terminating parental rights, the parent whose rights have been terminated is without standing to determine the child's future. See *Adoption of Scott*, 59 Mass. App. Ct. 274, 277 (2003) (parent whose rights have been terminated is without standing, after entry of decree of termination, to be heard on proposed adoption plan). See also *Adoption of Donald*, 52 Mass. App. Ct. 901, 902 (2001) (parent whose

---

[5]Consistent with the provisions of G. L. c. 210, § 3, the stipulation provided that the court "shall enter a decree forthwith that adjudicates the Child in need of care and protection, commits him to the custody of the Department of Children and Families and dispenses with the requirement of notice to, or the consent of, Mother to the Child's adoption, custody, guardianship or other disposition." The stipulation further stated that "Mother expressly and voluntarily waives her right to appeal from the final judgment or decree entered pursuant to this Stipulation for Judgment."

[6]Malik was approximately two and one-half years old at the time of the order.

rights have been terminated has no right to participate in permanency hearing conducted under G. L. c. 119, § 29B); *Adoption of Nate*, 69 Mass. App. Ct. 371, 375 (2007) (same). Accord *Adoption of Gillian*, 63 Mass. App. Ct. 398, 408 (2005) (parent whose rights have been terminated is without standing to seek visitation).

The mother argues that she has standing to maintain this appeal by virtue of the statutorily imposed obligation of the judge to consider whether the department's plan for adoption of the child serves the child's best interests before entering a decree terminating a parent's parental rights. See G. L. c. 119, § 26; G. L. c. 210, § 3. Accordingly, the mother contends, the entry of the decree terminating her rights before evaluation of the competing alternative plans for adoption was an error of law. The argument fails for several reasons. First, the decree entered in the present case is not based upon a contested adjudication, but by virtue of the mother's stipulation both as to her unfitness and to the entry of a decree of termination. In addition, the mother expressly waived her rights to appeal the decree. See note 5, *supra*. Her challenge based on a claimed deficiency in the decree accordingly is waived. In any event, it is settled that a decree terminating parental rights may enter without an identified adoptive resource. See *Adoption of Nancy*, 443 Mass. 512, 518 (2005); *Adoption of Scott*, 59 Mass. App. Ct. at 278.

It is axiomatic that a judge is obliged in a permanency hearing in which alternative plans for adoption are submitted to evaluate the competing plans and to determine which placement serves the best interests of the child. See *Adoption of Dora*, 52 Mass. App. Ct. 472, 475 (2001). However, that the judge was obliged to consider which of the two competing plans would be in the child's best interests does not determine who is entitled to assert a claim that he performed that task incorrectly.[7] Indeed, *Adoption of Dora* expressly recognized that entry of a decree terminating parental rights before consideration of competing

[7] In that regard, we consider it significant that the maternal grandparents, who were joined in the proceeding by means of the consolidation of their guardianship petition with the department's care and protection petition, did not file a notice of appeal, and that Malik joined with the department in defending the judge's order for adoption on appeal.

adoption plans would deprive the parents whose rights have been terminated of the right to be heard in the adoption proceedings. *Id.* at 476.[8]

We acknowledge that the stipulation entered into by the mother included a provision in which the mother purported to "reserve[] her right as to the best interests hearing concerning placement of [Malik]. The mother's desire is that her parents adopt [Malik]." Upon entry of the decree terminating the mother's parental rights, however, such a provision at most had the effect of assuring the judge's consideration of the mother's proposed kinship adoption nominees, and not of imbuing her with a legal status, or legal rights, that are inconsistent with the rights of a biological parent following entry of a decree determining that she is unfit to parent her child and terminating her parental rights. See *Adoption of Donald*, 52 Mass. App. Ct. at 902; *Adoption of Scott*, 59 Mass. App. Ct. at 277; *Adoption of Gillian*, 63 Mass. App. Ct. at 408; *Adoption of Nate*, 69 Mass. App. Ct. at 375.[9] In other words, the mother's reservation of the right to nominate her parents as an adoptive resource or a guardianship, and to have the judge consider that plan, does not confer upon her the right to challenge the judge's determination, after entry of the decree terminating her parental rights, that the department's competing plan for adoption is in Malik's best interests — particularly in the circumstances of the present case, in which the proposed kinship nominees were joined as parties in the case and neither they nor Malik elected to appeal from the judge's ruling. See note 7, *supra.*

The foregoing is not to say that a parent whose rights have

[8]There is likewise no merit to the mother's assertion that she remained a "parent" until entry of a decree of adoption. See *Adoption of Donald*, 52 Mass. App. Ct. at 901-902.

[9]Though our view of the case obviates any need for comment on the mother's arguments concerning the merits, we observe that the mother would fare no better were we to consider them. The judge's findings of fact are not clearly erroneous, and we are satisfied that, taken together, they demonstrate no abuse of discretion in his conclusion that Malik's best interests would be served by the department's adoption plan. See *Adoption of Hugo*, 428 Mass. 219, 225 (1998), cert. denied, 526 U.S. 1034 (1999). In particular, the department's plan proposed adoption of Malik by the family with whom he had lived for all but two months of his life, in whose care he had thrived during that time and with whom he had bonded.

been terminated may not in any circumstances be allowed to participate in a hearing to consider which of two competing adoption plans is in the child's best interests. Indeed, the judge in the present case allowed the mother to participate in the permanency hearing. But such participation, following entry of a termination decree, may occur, if at all, as a matter of discretion rather than as a matter of right, and does not carry with it any right to challenge the resulting adoption order on appeal.[10]

*Appeal dismissed.*

---

[10]Alternatively, the birth parent and the department could agree in a particular case to defer entry of a termination decree, based upon a parental stipulation of unfitness, until after the permanency hearing.