NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11748

ADOPTION OF QUAN.

December 18, 2014.

Adoption, Dispensing with parent's consent. Parent and Child, Dispensing with parent's consent to adoption, Adoption. Practice, Civil, Adoption, Stipulation, Record.

The Department of Children and Families (department) and the child in this case, whom we refer to as Quan,[1] appealed from an order of a Juvenile Court judge vacating decrees terminating the parental rights of Quan's biological mother and father.  A panel of the Appeals Court, in a memorandum and order pursuant to that court's rule 1:28, Adoption of Quan, 86 Mass. App. Ct. 1103 (2014), reversed the judge's order, effectively reinstating the termination decrees, and remanded the case to the Juvenile Court for a so-called "best interest" hearing regarding the permanent placement of the child.  We granted the parents' applications for further appellate review.  We affirm the judge's order.

Background.  In July, 2011, the department filed a petition pursuant to G. L. c. 119, § 24, for the care and protection of Quan, who at that time was one year old.  Both the mother and father eventually stipulated to the entry of decrees (one against each of them) adjudicating the child to be in need of care and protection, committing him to the custody of the department, and terminating their parental rights.  The parents expressly waived the right to trial on the petition, as well as the right to appeal from a final decree entered pursuant to the

---

[1] A pseudonym.

stipulation, but purported to reserve a right to participate in a subsequent best interest placement hearing. Each parent additionally stipulated that "[t]he adoption of [the child] shall be final and not subject to review," that his or her agreement was "voluntary," and that he or she had "not relied on any representations other than those contained in this agreement." Each parent proposed adoptive or guardianship resources and acknowledged that the department had recruited Quan's foster parents as adoptive resources.

The judge accepted the stipulations. The final decrees indicate that he considered the factors enumerated in G. L. c. 210, § 3 (c), and the placement plan proposed by the department, and that he "found that [each] parent lacks the ability, capacity, fitness and readiness to assume parental responsibility for said child, and is currently unfit." The final decrees terminated the parents' parental rights.

Approximately nine months later -- but before any further hearing on the child's permanent placement -- the parents moved for relief from the final decrees. Their motions apparently were prompted by the Appeals Court's recent decision in Adoption of Malik, 84 Mass. App. Ct. 436 (2013).[2] The mother's supporting affidavit averred that her agreement to the termination of her parental rights was the result of an "agreement and assurances" that she would be "entitled to participate in a best interest hearing," and that she was "assured" that she could appeal from any decision following such a hearing. The father's affidavit averred that he had agreed to termination of his rights on the

---

[2] Adoption of Malik, 84 Mass. App. Ct. 436 (2013), was decided by the Appeals Court after the decrees terminating parental rights in this case were entered, but before the parents moved for relief from the decrees. That case also involved parents who stipulated to their unfitness but purported to reserve a right to participate in the placement hearing. The Appeals Court concluded that a parent who has stipulated to termination of his or her parental rights has no right, after the stipulation has been accepted and a termination decree has entered, to participate in the placement hearing or to challenge any adverse placement decision on appeal. The court suggested, however, that "the birth parent and the department could agree in a particular case to defer entry of a termination decree, based upon a parental stipulation of unfitness, until after the permanency hearing." Id. at 441 n.10. We express no view on the correctness of the court's holding in Adoption of Malik, supra.

understanding that he "would have a best interest hearing" and that, based on his belief that there would be such a hearing, he did not appeal. He further alleged that the department had decided to leave Quan in his current placement without a best interest placement hearing and, therefore, that the father had been deprived of his right to appeal.

After a hearing, the judge vacated the decrees terminating the mother's and father's parental rights. He concluded that the parents' stipulations had not been knowing or voluntary, but instead were the product of a collective misunderstanding by the parents, their counsel, and the judge, all of whom believed that parental rights could be terminated in advance of a best interest placement hearing with the parents retaining the right to participate in the placement hearing and to appeal from any adverse placement decision.[3]

Discussion. The judge granted relief from the decrees terminating parental rights on the ground that there had been a material mistake of law or neglect, in the sense that the applicable law had changed.[4] See Hingham v. Director of the Div. of Marine Fisheries, 7 Mass. App. Ct. 908, 909 (1979) (Mass. R. Civ. P. 60 [b] [1], 365 Mass. 828 [1974], is appropriate vehicle for raising question of change in law).[5] Motions for relief from

---

[3] The judge stated in his order that he, "and presumably the parties, utilized this process in reliance on two unpublished court decisions. Adoption of Uriah, [Appeals Court No. 2010-P-1783 (May 6, 2011)], and Adoption of Kiara, [Appeals Court No. 2009-P-1705 (February 3, 2010)]. In each of these cases, the parents stipulated to a termination of their parental rights and then later participated in a hearing as to the best interests of the subject child vis-à-vis competing permanent placement plans."

[4] See note 2, supra.

[5] The parents moved for relief, and the judge purported to act, pursuant to Mass. R. Civ. P. 60, 365 Mass. 828 (1974). Although the rules of civil procedure do not apply in care and protection and parental termination proceedings in the Juvenile Court, and although the Juvenile Court Rules for the Care and Protection of Children do not expressly contain a rule on relief from judgment, we have little doubt that a Juvenile Court judge has authority to grant such relief, if warranted, and that Mass. R. Civ. P. 60 provides "a cogent standard" in this respect, at least in the circumstances of this case. See Care & Protection

final judgment are commended to the judge's discretion, and "a judge's decision will not be overturned, except upon a showing of a clear abuse of discretion." Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 158 (1987). That applies with particular force where, as here, the motion judge was the same judge who conducted the colloquies, accepted the stipulations, and entered the decrees. See Commonwealth v. Grace, 397 Mass. 303, 307 (1986) (same general principle in criminal context). Cf. Chapman v. University of Mass. Med. Ctr., 423 Mass. 584, 589 (1996) (deference given to motion judge's "determination of his or her contemporaneous intent" for purposes of Mass. R. Civ. P. 60 [a], 365 Mass. 828 [1974]).

The Juvenile Court docket indicates that the judge conducted colloquies with both parents before accepting the stipulations, and the decrees indicate that the judge considered the proposed placement plans. The parents' attempt to reserve their rights regarding a placement hearing was clearly the subject of some thought and discussion. Notably absent from the record on appeal, however, is any transcript of the colloquies, or a statement in lieu of a transcript of what transpired at the colloquies. It was incumbent on the department and the child, as the appellants, to provide a record adequate for appellate review. Commonwealth v. Woody, 429 Mass. 95, 96-99 (1999). See Mass. R. A. P. 8 (a), as amended, 378 Mass. 932 (1979) (record includes transcript of proceedings). See also Mass. R. A. P. 8 (c), as amended, 378 Mass. 932 (1979) (if transcript not available, statement of evidence or proceedings may be substituted). The record they have provided is not adequate to the task. Without a record of what transpired at the colloquies, we cannot say that the motion judge's findings concerning the stipulations and the circumstances in which they were made were unsupported by or contrary to the evidence; nor can we say, on this record, that the appellants have demonstrated an abuse of discretion in the judge's order vacating the termination decrees.

Conclusion. The order granting the parents' motions for relief from the final decrees terminating their parental rights is affirmed. The matter is remanded to the Juvenile Court for further proceedings consistent with this decision. It has been approximately twenty-two months since the entry of the final decrees in this case. Given the very significant, time-sensitive interests of Quan and his biological parents that are

of Richard, 456 Mass. 1002, 1002 n.3 (2010), citing Care & Protection of Zelda, 26 Mass. App. Ct. 869, 871 (1989).

at stake, we expect that the proceedings on remand will be concluded expeditiously.

So ordered.

Roberta Mann Driscoll for the father.
Ann Balmelli O'Connor, Committee for Public Counsel Services, for the mother.
Brian R. Pariser for Department of Children and Families.
Robert J. McCarthy, Jr., for the child.