NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-393                                      Appeals Court

ADOPTION OF ZAK (and two companion cases).[1]


No. 16-P-393.

Norfolk.     October 7, 2016. - January 9, 2017.

Present:  Hanlon, Sullivan, & Blake, JJ.


Adoption, Visitation rights, Standing.  Parent and Child,
    Adoption.  Minor, Adoption, Visitation rights.  Practice,
    Civil, Adoption, Standing.


    Petitions filed in the Norfolk County Division of the
Juvenile Court Department on May 19, 2010, and September 9,
2011.

    Following review by this court, 87 Mass. App. Ct. 540
(2015), the cases were heard by Dana Gershengorn, J.


    Julia A. B. Pearson for the mother.
    Sherrie Krasner for the father.
    Kari B. Kipf Horstmann for Department of Children and
Families.
    Steven B. Rosenthal for Zak.
    Yvette L. Kruger for Carol & another.


    SULLIVAN, J.  In this case we consider whether a mother and

father, whose parental rights have been terminated, have

---

[1] Adoption of Carol and Adoption of Nick.  The children's
names are pseudonyms.

standing to participate in a hearing on posttermination visitation under the following circumstances.  Termination of parental rights and posttermination visitation were originally litigated in a single trial.  The termination of parental rights was affirmed on appeal, but the matter was remanded to the Juvenile Court on the question of posttermination visitation.  The parents were not notified of the remand hearing and did not participate.  Following the entry of an "amended order for posttermination/adoption visitation" (posttermination visitation order), the parents appealed again to this court.  We now conclude that the remand hearing was a continuation of the original proceeding, and that the parents had standing to participate in the remand hearing.  Accordingly, we vacate the posttermination visitation order and remand for further proceedings.

Background.  In Adoption of Zak, 87 Mass. App. Ct. 540 (2015) (Zak I), we affirmed the entry of decrees by a judge of the Juvenile Court terminating parental rights and dispensing with consent to adoption, but remanded on the question of posttermination visitation.  Although the judge had considered the effect of domestic violence on the question of termination of parental rights, her order on the visitation issue was silent as to the impact of domestic violence on the question of

posttermination visitation.[2]  We remanded the case for further findings and rulings in order to permit the judge to consider that issue.  We also noted the authority of the judge to consider whether circumstances had changed since the issuance of the original decrees.  Id. at 547 n.10, citing Adoption of Vito, 431 Mass. 550, 557 n.15 (2000), and Adoption of Gwendolyn, 29 Mass. App. Ct. 130, 139 (1990).

The Department of Children and Family Services (department) and the children were notified of the remand hearing.  The parents were not notified.[3]  The judge exercised her discretion to consider both the previously admitted evidence, and to hear new evidence about the children's current circumstances in a combined remand and modification proceeding.  Relying on all of the evidence -- the evidence admitted at the previous trial and the additional evidence adduced at the hearing -- the judge found that the children had been profoundly affected by domestic violence.  She ruled that there had been a material change in

---

[2] The original order granted the father and mother three visits per year with their respective biological children.  The mother is the biological mother of all three children and seeks posttermination visitation with all three.  The father is the biological father of the two younger children.  He is not the biological father of the oldest child, and claims no right of posttermination visitation as to him.

[3] The hearing was held after our opinion in Adoption of Malik, 84 Mass. App. Ct. 436 (2013), and before the Supreme Judicial Court decided Adoption of Douglas, 473 Mass. 1024 (2016).

circumstances since the entry of the decrees. Among other things, the children had been placed together in a preadoptive home, and had made "remarkable progress."

The judge concluded that posttermination visitation was not in the best interests of the youngest child, who had no memory of his biological parents, and that for reasons unique to the two older children, "one visit per year with their biological mother would be in [their] best interests." No posttermination visits with the father were ordered.

The mother and father appeal, contending that they were entitled to notice of the remand hearing because that hearing was part of the same adjudication as the termination proceeding, and their right to participate had not been extinguished. See Adoption of Douglas, 473 Mass. 1024, 1029 (2016). The children and the department assert that because parental rights were terminated, the parents had no standing to participate in the remand hearing. See Adoption of Malik, 84 Mass. App. Ct. 436, 438-439 (2013).

Waiver. Before turning to the merits of the appeal, we must address one threshold issue. The two younger children argue that, because their father appealed only the termination order in Zak I, and not the visitation order, he has waived his right to argue the issue here. This contention overlooks the fact that the father was content with the original visitation

order, even if his parental rights were terminated.  The two children were not content, however, and filed a cross appeal requesting that there be no posttermination visitation.  The father actively opposed the cross appeal, filing a reply brief in this court and seeking further appellate review.  The father did not waive his rights to litigate the issue of standing or posttermination visitation at any time.  Contrast Nader v. Citron, 372 Mass. 96, 101-102, 103 (1977) (waiver of issue on appeal); Hager v. Hager, 6 Mass. App. Ct. 903, 904 (1978) (express waiver of appeal); Hammell v. Shooshanian Engr. Assocs., Inc., 73 Mass. App. Ct. 634, 640 (2009) (waiver of appeal).[4]

Standing.  "Until parental rights have been terminated by entry of a decree, parents have the right to participate in proceedings to determine issues such as placement and visitation arrangements concerning their children."  Douglas, supra at 1025.  Here the parents participated fully in a trial of both their parental fitness and their right to visitation.  The first appeal resulted in the affirmance of the decrees as to

---

[4] The department has also made a similar contention, but has waived the argument by relying solely on a bare assertion and failing to brief it on appeal.  Assertions of error that lack legal citation do not rise to the level of appellate argument and will not be reviewed by this court.  Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).  Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011).

termination, but did not result in a final order with respect to visitation.

The fact that the termination became final after trial and appeal is not, in and of itself, dispositive of the standing question. The effect of a final termination order on standing to appeal from a visitation order issued in the same proceeding was considered in Adoption of Rico, 453 Mass. 749, 757 n.16 (2009). In Rico, the department argued that because the father's "parental rights have been terminated and he has not appealed from that decision . . ., the father no longer has standing to challenge [i.e., appeal] the judge's visitation order." Ibid. The Supreme Judicial Court rejected this contention, stating that the father had appealed from a visitation order issued in the same decision, which "was part of the adjudication of a termination proceeding to which the father was a party." Ibid. Similarly, in Douglas, the court held that "[w]here orders involving termination, placement, and visitation are issued as part of the same adjudication of termination proceeding, a parent has standing to press on appeal any challenge that he or she has not expressly waived to that adjudication," even though the termination decree was no longer at issue. Douglas, supra at 1029.[5]

---

[5] By contrast, in Malik, 84 Mass. App. Ct. at 439, the mother stipulated to her unfitness and to termination of her

The children and the department point out, correctly, that no appellate case has addressed standing in the context of a remand, rather than an appeal.  However, the rationale of Rico and Douglas apply fully.  In both cases, the termination of the parents' rights had been adjudicated at the time of the appeals.  In both cases, the Supreme Judicial Court permitted the parents to prosecute the appeals because the visitation issues were part of the termination proceeding to which the parents were a party.  We see no principled distinction which would permit a parent to appeal a visitation order, but bar that parent from participating in a remand hearing ordered by the very appellate court that heard the appeal.  In short, the parents retained standing here because the remand proceeding was part of the same proceeding to which the parents were already a party.

The practical realities of remand proceedings demonstrate the wisdom of this approach.  In some remand proceedings the judge may consider only the preexisting evidentiary record.

---

parental rights in a care and protection proceeding, and waived her right to appeal from the resulting decree.  After the decree was entered, further litigation ensued concerning the child's placement.  A separate guardianship action then was consolidated with the care and protection proceeding.  Id. at 437.  The mother appealed the order denying the guardianship plan and approving the department's proposal for adoption by the foster family with whom the child had been living during the course of the care and protection proceeding.  Ibid.  In Malik the termination became final before placement was litigated.  Here, as in Douglas, there was a single proceeding.

Here, the judge held a combined remand and modification hearing. The judge considered evidence of events occurring after the first appeal, and evidence of domestic violence adduced at trial.[6] Consideration of this evidence at the remand hearing could only be undertaken in the context of the continuation of the proceeding to which the parents had been parties,[7] because the judge weighed and considered the facts adduced at trial. As in Rico and Douglas, the fact that the termination was final did not divest the parties of standing to participate in a hearing that was a continuation of the very proceeding in which they had participated.

Conclusion. Accordingly, we vacate the posttermination visitation order dated August 28, 2015, and remand the case for further proceedings consistent with this opinion.

So ordered.

---

[6] This case does not present, and we do not decide, whether the parents would have had standing to participate in a posttermination, postappeal modification proceeding.

[7] "While a judge may take judicial notice of the fact that [s]he sat on a related case and also may take judicial notice of the docket entries in the prior case, Morrison v. Krauss, 353 Mass. 761 (1968), [s]he may not judicially notice 'facts or evidence brought out at the prior hearing.' Ferriter v. Borthwick, 346 Mass. 391, 393 (1963). See also Day v. Crowley, 341 Mass. 666, 669-670 (1961); Morrison v. Krauss, supra; Asker v. Asker, 8 Mass. App. Ct. 634, 639-640 (1979)." Howe v. Prokop, 21 Mass. App. Ct. 919, 920 (1985).