NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-502

ADOPTION OF SOLEDAD (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On appeal from decrees entered in the Juvenile Court, the mother and the father challenge the trial judge's denial of their joint motion to withdraw their stipulations to their unfitness and consents to the entry of decrees terminating their parental rights. They contend that the time of over fifteen months period between their stipulations and the hearing on the guardianship petition made their stipulations stale, and thus they were entitled to a full trial on the merits of their fitness. The father also argues that the judge improperly found him unfit at a hearing in which he was not present. We affirm.

Background. We recount the relevant, mostly undisputed facts, reserving certain details for later discussion. In June 2018, the Department of Children and Families (department) filed a petition pursuant to G. L. c. 119, § 24, alleging that Soledad

_____

[1] Adoption of Hugo. The children's names are pseudonyms.

and Hugo were in need of care and protection and should be temporarily removed from the custody of the mother and the father. The department was awarded emergency temporary custody of the children on the day the petition was filed. Temporary custody of the children was then granted to the step-grandmother of the children's half-sister (foster mother) in August, 2018.

A termination of parental rights trial was scheduled on March 12, 2020. Both the mother and father were present and represented by counsel. At that time, the mother and the father entered into agreements for judgment stipulating to their unfitness and consenting to the entry of decrees terminating their parental rights. The judge conducted a colloquy with each parent and found that they both knowingly and voluntarily waived their rights. Pursuant to Adoption of Malik, 84 Mass. App. Ct. 436 (2013), the judge deferred issuing the termination decrees in order to allow the mother and the father to participate in a hearing on the competing guardianship plans for the children.[2] The hearing was scheduled to take place two weeks later.

The next day, on March 13, 2020, a state of emergency was declared because of the onset of the COVID-19 pandemic; after that, the guardianship hearing was rescheduled multiple times. During those months, the court held several scheduling

---

[2] Both the foster mother and another individual (who was favored by the parents) had filed a petitions for guardianship.

conferences.  The hearing eventually took place on May 10, 2021.
In the interim, on February 26, 2021, during a hearing, the
judge adjudicated the parents unfit, found Soledad and Hugo to
be in need of care and protection, and awarded permanent custody
of the children to the department.  On April 8, 2021, the mother
and the father filed a joint motion requesting a "full best
interest trial in lieu of trial on competing plans only."  In
essence, the motion sought to withdraw their stipulations as to
unfitness and their agreements to terminate their parental
rights.[3]  After hearing arguments from the parties, the judge
denied the mother and the father's motion and held hearings
regarding the competing guardianship plans.[4]  On June 4, 2021,
the judge issued findings, adjudication, commitment orders, and
orders to issue decrees that approved the plan submitted by the
department for permanent guardianship with the foster mother.
He also declined to order posttermination visitation between the
children and the mother and father.  The judge then issued 339
findings of fact and forty-six conclusions of law on April 29,
2022.  The mother and the father appealed.

Discussion.  "Motions for relief from judgment are
addressed to the discretion of the judge, . . . and the court's

---

[3] The parties agreed that the joint motion was essentially a
motion to vacate.
[4] After the testimony concluded, one of the potential guardians
withdraw her petition.

3

action will not be reversed on appeal save for abuse" (quotations and citation omitted). Adoption of Reid, 39 Mass. App. Ct. 338, 341 (1995). A parent may stipulate to both unfitness and the entry of a judicial decree of termination pursuant to G. L. c. 210, § 3. See Adoption of Malik, 84 Mass. App. Ct. at 438. Before accepting stipulations terminating parental rights, the judge must "make an appropriate inquiry to establish that the parent's consent was knowing and voluntary." Adoption of John, 53 Mass. App. Ct. 431, 435 (2001). There is no dispute that the judge did so here. However, the mother and the father contend that their stipulations became ineffective because the amount of time that had elapsed between their stipulations and the "best interests" hearing caused the stipulations to be "stale."

The mother and the father fail to account for the fact that the stipulations and agreements that they entered expressly waived their rights to a trial and their rights to appeal the decree of unfitness. The agreements stated:

> "[Parent] expressly and voluntarily waives [parent's] right to a trial on the merits of the Department's pending care and protection petition and petition to terminate parental rights, and expressly and voluntarily waives [parent's] right to appeal the final judgment or decree entered pursuant to this Agreement for Judgment."

The mother and the father point to no legal authority giving them the right to rescind the agreements solely because

4

of the length of time between the acceptance and the entry of the resulting orders.[5]  The mother and the father do not dispute that their stipulations were knowing and voluntary at the time they were made.  The judge conducted a thorough inquiry of both parents.  He inquired as to whether the parents had an opportunity to consult with their attorneys, ensured that both understood the significant rights they were giving up, and confirmed that neither had been coerced or threatened into giving up their rights.  The colloquies were sufficient to establish that the waivers of each parent were knowing and voluntary.  See Adoption of John, 53 Mass. App. Ct. at 435-436.  Thus, where the waivers were knowing and voluntary, the decrees terminating parental rights pursuant to G. L. c. 210, § 3, were properly issued.[6]  The judge did not abuse his discretion in

---

[5] The mother argues that because of the elapsed time it is in the interests of justice to allow the mother and father to withdraw the stipulations.  See Adoption of Cesar, 67 Mass. App. Ct. 708, 715 (2016).  In the circumstances of this case, we do not agree.

[6] The father's argument that G. L. c. 210, § 2, was not followed is inapposite.  Where a proceeding takes place pursuant to G. L. c. 210, § 3, the requirements of G. L. c. 210, § 2, need not be observed.  See Adoption of John, 53 Mass. App. Ct. at 433-434.

denying the parents' motion seeking to withdraw their stipulations and agreements because too much time had elapsed.[7,8]

Decrees affirmed.

By the Court (Massing,
  Hershfang & D'Angelo, JJ.[9]),

*Joseph F. Stanton*

Clerk

Entered:  March 17, 2023.

---

[7] Any argument that the facts the judge relied on to terminate parental rights were insufficient was waived when the mother and the father stipulated to their unfitness.  See Adoption of Douglas, 473 Mass. 1024, 1029 (2016)("Where orders involving termination, placement, and visitation are issued as part of the same adjudication of a termination proceeding, a parent has standing to press an appeal any challenge that he or she has not expressly waived to that adjudication" [emphasis added]).

[8] The father's claim that the judge improperly found him unfit outside his presence is waived because the father stipulated to his unfitness.  Additionally, we are aware of no requirement that a judge make a finding of unfitness in the presence of anyone.

[9] The panelists are listed in order of seniority.