NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-406

DARIUS GIBSON

vs.

COMMONWEALTH & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff's complaint requesting records from the defendants was dismissed by a Superior Court judge.  We affirm.

The plaintiff submitted a public-records request to Kate Silvia, the communications director and public records manager of the Massachusetts Department of Correction (DOC), requesting e-mail messages exchanged between her and Daryl Glazer, an attorney for DOC.  The e-mail messages regarded the plaintiff's prior public-records request relating to a then-pending Superior Court case in which Glazer represented DOC.  Silvia responded to

---

[1] Kate Silvia, individually and as communications director and public records manager of the Massachusetts Department of Correction (DOC), and Daryl Glazer, individually and as attorney for DOC.

the plaintiff's request by providing him with certain documents and withholding others, asserting they were privileged attorney-client communications and not public records.

The plaintiff appealed from Silvia's withholding of records to the supervisor of records in the Massachusetts Secretary of State's Office, who, after reviewing the e-mail messages, determined that the e-mail messages were privileged and properly withheld.  The plaintiff filed suit in Superior Court, and the judge granted the defendants' subsequent motion to dismiss.  This appeal followed.

The plaintiff has waived all argument of his appeal as his brief fails to present "adequate appellate argument" and proper "citations to the authorities and parts of the record on which [he] relies."  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  The plaintiff provides no explanation or legal support for his assertions that Glazer committed "fraud upon the court," that "Glazer and Silvia engag[ed] in a civil conspiracy," or that the judge committed any error in dismissing the complaint.  "Assertions of error that lack legal citation do not rise to the level of appellate argument and will not be reviewed by this court."  Adoption of Zak, 90 Mass. App. Ct. 840, 842 n.4 (2017).  Conclusory statements in a brief do not

2

rise to the level of appellate argument.  See <u>Donovan</u> v.

<u>Gardner</u>, 50 Mass. App. Ct. 595, 602 (2000).

On these grounds, the plaintiff's claims are waived, and

the judgment is affirmed.[2]

<u>So ordered</u>.

By the Court (Desmond,
  D'Angelo & Smyth, JJ.[3]),

Clerk

Entered:  February 12, 2026.

---

[2] We also note that as a government attorney performing a government function, Glazer has absolute immunity from personal claims against her arising out of her conduct in civil litigation.  See <u>Dinsdale</u> v. <u>Commonwealth</u>, 424 Mass. 176, 181-182 (1997).

[3] The panelists are listed in order of seniority.