NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1412

MARIE TUCKER, personal representative,[1]

vs.

R. SCOTT HARRIS & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, as the personal representative of the estate of Maria Tucker, filed this wrongful death action against the defendants in 2018.  After a trial, the jury found the defendants, on a special verdict form, not negligent in the care and treatment of the decedent, and the court dismissed the plaintiff's complaint.  On appeal, the plaintiff claims (1) several of the judge's evidentiary rulings were an abuse of discretion, (2) the judge's restriction on "reptile" trial tactics constituted a prior restraint on speech, (3) the judge

_____

[1] Of the estate of Maria Tucker.

[2] Jenna McNeill, John Doe, and John Doe Corporation. Massachusetts General Hospital, by agreement of the parties, was dismissed from this litigation before trial.

erred in declining to give a consciousness of liability instruction, and lastly, (4) the cumulative effect of the errors constituted a substantial risk of a miscarriage of justice. We affirm.

1. Evidentiary rulings. The plaintiff argues that many of the judge's evidentiary rulings excluding certain testimony and electronic communications were an abuse of discretion. For several of her challenges, the plaintiff fails to identify in the record which communications and testimony were improperly excluded. As citation to the record is required for appellate argument, we will treat as waived a number of these claims. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). To the extent that she does cite to the record, the exclusion of the communications and testimony were not an abuse of discretion.

"Evidentiary rulings determining relevance, probative value, and prejudice are left to the sound discretion of the trial judge." Commonwealth v. West, 487 Mass. 794, 805 (2021). When reviewing an evidentiary decision, we do not disturb the judge's ruling simply because we may have reached a different result. Laramie v. Phillip Morris USA Inc., 488 Mass. 399, 414 (2021). Instead, we will only disturb the judge's evidentiary rulings where "the judge 'made a clear error of judgment in

weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives.'" Commonwealth v. Adams, 495 Mass. 600, 602 (2025), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

As a preliminary matter, the plaintiff conflates relevance with admissibility at numerous points in her brief. We find no abuse of discretion in exclusions where the plaintiff does not offer a proper reason for admissibility.

Regarding the electronic communications, the plaintiff specifically identifies several text messages between Dr. Heyne and Dr. McNeill as improperly excluded. However, there was no abuse of discretion in excluding Dr. Heyne's messages where the plaintiff failed to identify a proper nonhearsay reason for their admission.[3] Even if these messages were not hearsay, their exclusion was not an abuse of discretion where the judge considered the danger of prejudice in admitting them, noting that the messages may portray Dr. Heyne as an expert witness,

---

[3] The plaintiff claims, in part, that the messages were not offered for their truth, but instead to show the supervisory relationship between Dr. Heyne and Dr. McNeill. We disagree, as plaintiff's counsel maintains in her brief that the text messages would tend to show "that the discharge plan is unsafe" and reflect "the circumstances surrounding discharge." Furthermore, the probative value towards showing a supervisory relationship was minimal, as it is undisputed that Dr. Heyne was off duty and not the supervisor at the hospital at the time of the messages.

when he is not, and result in confusion for the jury.  We also discern no abuse of discretion regarding the plaintiff's challenges to several excluded messages from Dr. McNeill.  Several of her text messages were properly excluded as speculative, while others were excluded because any probative value was substantially outweighed by the danger of unfair prejudice. See Mass. G. Evid. § 403 (2025).  As the judge's evidentiary rulings were well within the range of reasonable alternatives, we will not disturb them.

With regard to limitations on testimony, the plaintiff argues that it was error for the judge to exclude the plaintiff's experts' testimony beyond what was stated in the expert disclosures.  Where it is within the judge's discretion to require an initial disclosure of anticipated testimony, we find no abuse of discretion in this ruling as there was no dispute at trial that the testimony sought to be elicited, specifically a discussion of state and federal regulations, was not in the experts' disclosures.  See Mass. R. Civ. P. 26 (b) (4), 365 Mass. 772 (1974).  See also Elias v. Suran, 35 Mass. App. Ct. 7, 10 (1993) ("a trial judge has broad discretion in deciding whether to permit expert testimony when the proponent has not given proper notice of the . . . subject matter of the expert's anticipated testimony").

4

Furthermore, there was also no abuse of discretion when the judge precluded witnesses from testifying about the alleged implicit bias of the defendants.  The judge precluded the testimony because its probative value towards the issues in the case, if any, was substantially outweighed by the danger of unfair prejudice to the defendants.  See Mass. G. Evid. § 403.

Lastly, the plaintiff's challenge to the exclusion of certain testimony about causation fails, as there was no prejudice in the exclusion of this testimony where the jury found the defendants not negligent and therefore did not reach the issue of causation.  See Drake v. Goodman, 386 Mass. 88, 94 (1982); Tarpey v. Crescent Ridge Dairy, Inc., 47 Mass. App. Ct. 380, 391 (1999).[4]

2.  Prior restraint.  The plaintiff also claims that the court's preclusion of reference to "reptile" trial tactics is a prior restraint, specifically finding error with the ruling barring the use of the phrase "safety rules."  The plaintiff

_____

[4] The plaintiff also argues that as a result of the evidentiary rulings that occurred during trial, the judge should have issued a curative instruction since plaintiff's counsel relied on pretrial rulings, that were altered during trial, for the opening statement.  The plaintiff never requested a curative instruction, and thus the argument is waived.  See Aleo v. SLB Toys USA, Inc., 466 Mass. 398, 403 n.11 (2013).  See generally Harlow v. Chin, 405 Mass. 697, 706 (1989).

5

fails to cite any relevant legal authority to support this argument.

Even if the plaintiff had properly raised this claim, it is without merit.  The plaintiff simply does not have a right of unfettered expression within the confines of trial under the First Amendment to the United States Constitution.  For example, rules of evidence and procedure, as well as a judge's exercise of discretion to exclude certain matters, would not be affected by the First Amendment.  The only binding, precedential case that the plaintiff cites in her brief, <u>Shak</u> v. <u>Shak</u>, 484 Mass. 658 (2020), is inapposite, as it concerns a prior restraint on a party's speech outside of the courtroom.

3.  <u>Consciousness of liability</u>.  While the plaintiff claims that it was error to deny her request for a consciousness of liability instruction, she again fails to cite to any authority to support her argument.  This argument does not rise to the level of appellate argument, and we treat it as waived.  See Mass. R. A. P. 16 (a) (9) (A). See also <u>Adoption of Zak</u>, 90 Mass. App. Ct. 840, 842 n.4 (2017).

Even if this argument were properly before us, it has no merit, as the plaintiff presented no evidence that would give the jury a reasonable basis to decide that any of the defendants were conscious of their liability.  See Mass. G. Evid.

6

§ 1110(b).  Cf. McNamara v. Honeyman, 406 Mass. 43, 54 n.10 (1989) (providing false or inconsistent statements can be evidence of consciousness of liability); Parsons v. Ryan, 340 Mass. 245, 248 (1960) (providing false statements to police can be evidence of consciousness of liability).

4.  Substantial risk of miscarriage of justice.  Lastly, the plaintiff argues that a cumulation of errors resulted in an unfair trial and asks us to review this case to determine if a substantial risk of a miscarriage of justice was created.  This argument is misplaced, as that standard is applicable in criminal appeals, not civil appeals.  We are aware of no comparable corollary for this standard in civil appeals, nor does the plaintiff cite to one.

Furthermore, had the plaintiff properly articulated a claim, it would be waived as the alleged errors were not objected to.  Specifically, the plaintiff claims that the trial judge did not maintain an appearance of impartiality in various instances throughout the trial.  At every instance the plaintiff highlights, the plaintiff did not object.  In addition, there was no request for a curative instruction regarding any of these alleged errors.  Because the plaintiff failed to preserve the

issues, these arguments are waived.  <u>Hoffman</u> v. <u>Houghton Chem.</u>
<u>Corp</u>., 434 Mass. 624, 639 (2001).

<div style="margin-left:50%">

<u>Judgment affirmed</u>.

By the Court (Meade,
  Massing & Brennan, JJ.[5]),

*Paul Little*

Clerk

</div>

Entered:  February 19, 2026.

---

[5] The panelists are listed in order of seniority.